JOHN LABER, Respondent, *v.* MARY LABER, Wife of JOHN LABER, and Others, Defendants, Impleaded with MINNIE KOLB, Appellant.

Second Department, February 8, 1918.

**Real property — partition — appointment of receiver — insufficiency of moving papers — offer of defendant to purchase property at appraised value — form and contents of order appointing receiver.**

Property involved in an action of partition or of foreclosure will not be taken from the party in possession and placed in charge of a receiver during the pendency of the action, except upon clear and convincing proof that there is danger of loss or damage, and that such appointment is necessary for the protection of the parties to the action, and their interests. There must be danger of irreparable loss, and courts of equity will exercise extreme caution in the appointment of receivers, which should never be made until a proper case has been clearly established.

Hence, in an action for partition of property, owned by three children as tenants in common, a receiver should not be appointed upon the complaint and the affidavit of the plaintiff, where the only ground stated is in effect that there is hostility between the owners of the property and that confusion may result detrimental to the interests of the parties, and no reason is shown why the management of the property during the pendency of the action by the defendant will not be as satisfactory as it has been during the last twelve years during which no complaint has been made, and there is nothing to show that the defendant is not financially able to make good any deficiency.

Moreover, an order appointing a receiver in such an action should be reversed, where it appears that the defendant has offered to purchase the plaintiff's interest in the property at its appraised value, and where under said order the defendants only are enjoined and restrained from collecting the rents during the pendency of the action.

A direction to a receiver after deducting his fees and disbursements from the proceeds of the sale of the property, to apply the remainder to the deficiency that may exist in the amount directed to be paid to the plaintiff is suitable and proper in a foreclosure action, but not in an action of partition, where there is another defendant entitled to precisely the same relief and protection as the plaintiff.

APPEAL by the defendant, Minnie Kolb, from an order of the County Court of Kings county, entered in the office of the clerk of said county on the 23d day of October, 1917, appointing a receiver in a partition action.

The plaintiff, the appellant and the defendant Rudolph Laber own, as tenants in common, a lot 22 by 100 feet on Park avenue in the borough of Brooklyn, on which is a two-story wooden building rented to two tenants for a monthly rental of $45. They derive title through their mother, who died November 27, 1898. Her husband, who had collected rents to the time of his death, died on September 5, 1905. Since that time the appellant, pursuant to an agreement with her brothers, has had the possession, personal control and management of the property and collected the income therefrom, rendering statements of her receipts and disbursements connected with the management to her brothers, and paying to each of them his respective share of the net income of the property. This action was commenced on April 30, 1917. The property has been appraised at the sum of $4,750. There was a mortgage of $2,000 on it when it came into the ownership of the parties, which is yet a lien thereon for that amount. The moving papers consist of the complaint and an affidavit of the plaintiff. The only ground stated for the appointment of a receiver is that " there is a strong feeling of hostility between the owners of the property in this action and in the future the plaintiff will attempt to collect the rents of the tenants who occupy said premises, and in deponent's opinion, the defendant, Minnie Kolb, will also attempt to collect the said rents and that considerable confusion detrimental to the interests of the parties herein will necessarily

result and unless the management of the said property is put into the hands of a receiver who will duly care for the interests of the parties herein, future injury to the interests of the said parties will result either in the non-payment of the interest on the mortgage on said property or in the neglect to pay taxes, or in allowing the property to fall out of repair or in creating so much confusion in the collection of rents as to result possibly in the loss of part of some of the rents and the removal of the tenants."

The appellant asks to be allowed to account for her management of the property, and by the order of reference the referee is directed to " take and state an accounting of the rents and issues of the real property described in the complaint herein from September 5, 1905, to the date of the making of the report of the referee herein."

*Cornelius A. Baldwin* [*Jacob H. Shaffer* with him on the brief], for the appellant.

*Peter P. Smith* [*Joseph J. Reiher* with him on the brief], for the respondent.

RICH, J.:

The appointment of a receiver in an action of partition or of foreclosure is a harsh remedy, and it has been uniformly held that the property involved in such an action will not be taken from the party in possession and placed in charge of a receiver during the pendency of the action except upon clear and convincing proof that there is danger of loss or damage, and that such appointment is necessary for the protection of the parties to the action and their interests. There must be danger of irreparable loss, and courts of equity will exercise extreme caution in the appointment of receivers, which should never be made until a proper case has been clearly established. The moving papers do not show that the appointment of a receiver is necessary to protect the rights of the parties. Not a fact is shown raising a presumption of mismanagement, possible loss or confusion. No reason is shown why the management of the property during the pendency of the action, by the appellant, will not be as proper and satisfactory as it has been during the last twelve years, during which time no complaint has been made of her management of the property.

There is nothing to show that the appellant is not financially able to make good any deficiency loss in consequence of any mismanagement of the property during the pendency of the action; on the contrary, it would seem that her unincumbered interest therein is amply sufficient to fully protect the plaintiff and his non-complaining brother. The equity in the property is less than $3,000. In the natural course of events, a partition or sale will be had in three or four months; the rent accruing during that time cannot exceed $180, and there is no occasion for a receiver.

There is a further reason why the order should be reversed. It appears without contradiction, from the opposing affidavit of the appellant, that in order to save the costs and expenses of a partition action she has offered to purchase the plaintiff's interest in the property on the basis of its value as appraised, or upon its appraised value to be determined by any impartial real estate expert acceptable to the plaintiff, and that she has offered to consent to its sale at public auction after properly advertising it, which is all that could possibly result in this action. Furthermore, the order seems to be directed to the interests of the plaintiff. The rights of the parties in the property are equal, and each is entitled to the same protection, yet in the order under consideration the defendants only are enjoined and restrained from collecting the rents during the pendency of the action. No restraint is placed upon the plaintiff, and the receiver is directed, after deducting his fees and disbursements from the proceeds of the sale of the property, to apply the remainder to the payment of the deficiency that may exist in the amount directed to be paid to the plaintiff in and by the judgment, a direction suitable and proper in a foreclosure action but not in one of partition where there is another defendant entitled to precisely the same relief and protection as the plaintiff, and he cannot have all of the net rents in the hands of the receiver to the exclusion of his brother equally entitled to his proportionate share.

The order of the County Court of Kings county is reversed, with ten dollars costs and disbursements, and the motion of the plaintiff for the appointment of a receiver is denied, with ten dollars costs.

JENKS, P. J., MILLS, BLACKMAR and KELLY, JJ., concurred.

Order of the County Court of Kings county reversed, with ten dollars costs and disbursements, and motion of plaintiff for the appointment of a receiver denied, with ten dollars costs.