■ PRISCILLA GLASSNER, Individually and as Executrix of SIDNEY FIRST, Deceased, and as Trustee for HELAINE HAMERSLOUGH,· Respondent, v. EMIL KAUFMAN et al., Individually and as General Partners of KAUFMAN, FIRST & ROSENKRANTZ, Appellants.— Order, entered on October 1, 1963, appointing a temporary receiver of partnership property, unanimously reversed on the law and on the facts, and in the exercise of discretion, without costs, and the motion for a receiver is denied. The appointment of a receiver of a going concern is a drastic remedy, and can properly be invoked only where there is a clear evidentiary showing of the necessity for the conservation of property and the protection of the interests of the litigant (S. Z. B. Corp. v. Ruth, 14 A D 2d 678). In this action for the dissolution of a partnership and for an accounting, it is shown that plaintiff's testator and defendants were partners for over 40 years before the death of plaintiff's testator in 1962. The business the partnership conducted was that of commission selling agents in the ready-to-wear apparel field. Plaintiff's papers, upon which the receivership was granted, fail to demonstrate any danger of the dissipation of the limited assets of this personal service business, or, in view of the nature of the business, that a receiver is necessary and would be able to continue the operation of the business so as to preserve plaintiff's interest. Under all of the circumstances, it was an improvident exercise of discretion to grant the motion for a receivership. While we do not condone the failure of defendants to permit plaintiff to have access to the books and records of the partnership, it seems that plaintiff's proper recourse for inability to obtain an examination of the books and records is not a destructive receivership but a vigorous prosecution of the action to an early trial. To that end, plaintiff may provide in the order to be settled hereon for an early trial of the action, dispensing with all pretrial procedures and for permission to file a statement of readiness and note of issue placing the cause on the calendar for trial. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.

■ In the Matter of SIEGFRIED MAYER, an Alleged Incompetent Person. FLORENCE M. LOWENSTEIN et al., Appellants; SAMUEL E. LEPLER, as Special Guardian, et al., Respondents.— Order, entered on August 23, 1963, unanimously modified, on the law and on the facts and in the exercise of discretion, by deleting from ordering paragraphs 6 (a) and 6 (b) the sums of $3,000 and $1,000, respectively, and substituting in lieu thereof the sums of $1,000 and $300, respectively, and, as so modified, the order is affirmed, with $20 costs and disbursements to appellants payable out of the incompetent's estate. The estate aggregated $169,032.61, the bulk of which was in the stock of a close corporation. There were no complications and the incompetent's lawyer for about 20 years handled the proceedings. He asked for and received a fee of $1,750. The special guardian rendered routine services in this uncomplicated and uncontested incompetency proceeding. Though services on 15 different days are claimed, there is no information concerning time spent. Therefore, reduction from $3,000 to $1,000 is warranted (see Matter of Burk, 6 A D 2d 429). Similarly, the routine duties performed by the Commissioner in preparing for and conducting the two-hour hearing warrant a fee of $300, instead of the $1,000 awarded by Special Term. While the size of the incompetent's estate is relevant, it is because most often it should serve as a limiting factor on fees allowed rather than as a justification for expansion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.