■ In the Matter of S. RICHARD DI BONA et al., Respondents. GENERAL RAYFIN LIMITED et al., Appellants.— Order entered in the Supreme Court, New York County, on April 25, 1974, unanimously modified on the law, the facts, and in the exercise of discretion, so as to delete therefrom each and every ordering paragraph except the first two which directed a hearing in accordance with section 1107 of the Business Corporation Law and directed the clerk of the court to assign the matter to the appropriate individual calendar, and otherwise affirmed, without costs and without disbursements. This record does not justify the appointment of a temporary receiver pending the determination on the merits of this proceeding to dissolve the appellant corporation pursuant to section 1104 (subd. [a], par. [3]) of the Business Corporation Law. There is an insufficient demonstration that the corporation is insolvent, or that its assets are being diverted or wasted to warrant the drastic remedy of a receivership. The petitioners allege that they have been denied "access to any information concerning the financial position of the corporation or the present status of its assets." Only in conclusory form, do they aver that there is a grave and immediate threat that the assets may be dissipated. It appears that the corporation and its business is under the control of appellant Fincke, who has been the sole stockholder and the sole person in control of the appellant corporation for many years. Appellants should not be deprived of possession of their property lightly. The drastic remedy of the appointment of a receiver is to be invoked only where necessary for the protection of the parties to the action and their interests. (*S. Z. B. Corp.* v. *Ruth*, 14 A D 2d 678.) Such necessity has not been established by petitioners' proof. "There must be danger of irreparable loss, and courts of equity will exercise extreme caution in the appointment of receivers, which should never be made until a proper case has been clearly established." (*Laber* v. *Laber*, 181 App. Div. 733, 735.) Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Capozzoli, JJ.