■    RICHARD K. HAHN, on His Own Behalf and on Behalf of UNICUM REALTY CORP., Respondent, v MARTIN GARAY et al., Appellants.—Order, Supreme Court, New York County, entered June 14, 1976, insofar as it appointed a temporary receiver, unanimously reversed, on the law and the facts, and that branch of plaintiff's motion seeking the appointment of a temporary receiver denied. Appellants shall recover of respondent $40 costs and disbursements of this appeal. On this record it appears that plaintiff is an investor in rather than an operator of the partnerships and corporation for which receivership *pendente lite* is sought. There is no sufficient demonstration of waste or mismanagement of the properties involved or that they are in any way threatened. In the absence of a showing that the properties and assets are in danger of dissipation, and in view of the nature of the businesses involved, the necessity of receivership or that a receiver would be able to continue the operation of the businesses, has not been demonstrated. It is well recognized that courts of equity exercise extreme caution in appointing receivers *pendente lite* because such appointment results in the taking and withholding of possession of property from a party without an

adjudication on the merits (see *S. Z. B. Corp. v Ruth,* 14 AD2d 678; *Glassner v Kaufman,* 19 AD2d 885). It is noted that this court, by order dated July 1, 1976, stayed the implementation of the order appointing the temporary receiver pending the determination of this appeal upon condition that defendants-appellants post a $150,000 bond, which was done. Accordingly, such stay is hereby vacated and the bond is to be discharged. Concur— Stevens, P. J., Markewich, Lupiano, Silverman and Lynch, JJ.