NORMAN D. GROH, Respondent, v EDWARD J. HALLORAN et al., Appellants, et al., Defendants.

First Department, April 6, 1982

APPEARANCES OF COUNSEL

*Robert S. Smith* of counsel (*Celia Goldwag* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellants.

*Alan J. Firestone* of counsel (*Firestone, Marcovitz & Harris,* attorneys), for respondent.

OPINION OF THE COURT

FEIN, J.

In this action to impose a constructive trust and cancel certain mortgages on two hotels, plaintiff asserts that he was a joint venturer with defendants Edward J. Halloran (Halloran) and Shelton Towers Associates (STA) in the development of the Shelton Towers Hotel. Plaintiff alleges that he and Halloran, as joint venturers, entered into an

agreement with Dollar Savings Bank (Dollar), pursuant to which Dollar, through its subsidiary June Holding Corp. (June), agreed to sell the hotel to the joint venture and to finance the purchase. Plaintiff and Halloran agreed to be joint venturers on a 30%-70% basis, respectively, record title to be taken in the name of Halloran or an entity owned or controlled by him "with plaintiff's interest being preserved by his trust in EDWARD J. HALLORAN." Title was taken in the name of STA which (1) paid June $1,000,000 for the deed; (2) assumed Dollar's pre-existing first mortgage in the sum of approximately $10,000,000; and (3) executed another mortgage for $10,000,000 for the reconstruction loan provided by Dollar, subsequently increased to $18,000,000. The property was renovated by plaintiff and Halloran, culminating in its opening in November, 1978 as the Halloran House.

The complaint alleges that since that time STA and Halloran have failed to recognize plaintiff's ownership interest in the hotel and have not accounted to him for the profits since November, 1978. Plaintiff seeks, in the first cause of action, imposition of a constructive trust upon the hotel property and a declaration of his 30% interest in the property. The second cause of action is for an accounting. The third cause of action, pursuant to RPAPL article 15, seeks a discharge of Dollar's mortgages, insofar as they affect plaintiff's interest, on the grounds that he did not execute the mortgages and that, at the time the mortgages were made, executed and delivered, Dollar had actual knowledge of his interest.

Plaintiff moved for the appointment of a temporary receiver solely on the basis that on October 2, 1981, Dollar commenced an action in Supreme Court to foreclose the mortgages. Plaintiff alleged that the commencement of the foreclosure action demonstrated that Halloran and STA were operating the property in such a manner as to cause waste and deterioration to the extent that they made the property subject to mortgage foreclosure. It was alleged that if a temporary receiver was not appointed, defendants would continue to operate the hotel for their own benefit and cause plaintiff irreparable harm.

In opposition it was observed that although plaintiff's sole ground for seeking a temporary receiver was Dollar's foreclosure action, Dollar itself had not sought a temporary receiver in that action. It was argued that the institution of the foreclosure action, which was being vigorously defended, did not demonstrate mismanagement or waste which would justify the extraordinary relief of a temporary receivership sought by plaintiff. It was further alleged that negotiations to settle the foreclosure action were then pending, and that payment of all of the allegedly overdue mortgage payments had been made immediately upon the commencement of that action.

While the motion was pending, defendants' counsel, by letter dated October 23, 1981, informed the court that a stipulation settling the foreclosure action had been signed the day before. A copy of the stipulation was attached to the letter which asserted that defendants would shortly be able to advise the court that the conditions referred to in the stipulation had been satisfied, mooting plaintiff's claim.

By letter of plaintiff's attorney, dated October 23, 1981, the court was advised that one of the conditions of the stipulation was vacatur of the *lis pendens* by November 16, 1981, and that Justice HELMAN had denied defendants' motion to vacate the *lis pendens* on October 16, making it impossible for defendants to comply with the condition by November 16.

Special Term granted plaintiff's motion and appointed a temporary receiver, noting that Dollar was not opposed to the motion and that the papers in opposition consisted of an attorney's affirmation not based upon personal knowledge and not refuting plaintiff's allegations.

On November 16, 1981, Special Term signed an order to show cause bringing on defendants' motion for reargument and renewal based in part on an affidavit on behalf of Dollar, advising that the foreclosure action had been settled by stipulation dated October 22 and would shortly be discontinued. The affidavit also stated that Dollar opposed the appointment of a temporary receiver.

The order appealed from, appointing a temporary receiver, was signed on November 19, 1981. We have been informed that the motion for reargument and renewal was subsequently denied. We have not considered the papers submitted in support of the motion for reargument or renewal. However, we note that the stipulation of settlement of the foreclosure action was before Special Term as an attachment to counsel's letter of October 23, prior to the signing and entry of the order appointing the temporary receiver.

In our view, plaintiff's papers on their face were insufficient to warrant appointment of a temporary receiver. "It is well recognized that courts of equity exercise extreme caution in appointing receivers *pendente lite* because such appointment results in the taking and withholding of possession of property from a party without an adjudication on the merits (see *S.Z.B. Corp. v Ruth,* 14 AD2d 678; *Glassner v Kaufman,* 19 AD2d 885)." (*Hahn v Garay,* 54 AD2d 629-630.)

Although the institution of the mortgage foreclosure action was a serious matter with threatening consequences, there was neither an allegation nor a showing in that action or in this action that the hotel or its owners were insolvent. Special Term gave undue weight to Dollar's apparent failure to oppose plaintiff's motion for a temporary receiver. The more significant fact was that Dollar, which was entitled to the appointment of a temporary receiver in the foreclosure action as a matter of right, apparently did not deem such step necessary. Moreover, at the time the order appointing the temporary receiver was signed, Special Term had been advised of the conditional stipulation of settlement of the foreclosure action and had signed the order to show cause for reargument or renewal. There was insufficient showing of any danger that the property was likely to be "removed from the state, or lost, materially injured or destroyed." (CPLR 6401, subd [a].) In the absence of clear proof of the danger of irreparable loss or damage, and proof that a receiver is necessary for the protection of the parties to the action and their interests, a temporary receiver should not be appointed (*Matter of Di Bona [General Rayfin Ltd.],* 45 AD2d 696; *S.Z.B. Corp. v*

*Ruth,* 14 AD2d 678, *supra; Laber v Laber,* 181 App Div 733). The appointment of a temporary receiver under the circumstances here was an improvident exercise of discretion.

Although we are empowered to consider the subsequent determination denying the motion for reargument and renewal based upon new or additional facts (CPLR 5517, subd [a], par 3; subd [b]), we have not done so. As observed, we have concluded that there was an insufficient basis for appointing a temporary receiver on the basis of the papers before the court on the original motion. There was no sufficient demonstration of waste or mismanagement or of the danger of irreparable loss or damage.

It is noted that this court, by order dated December 3, 1981, stayed the implementation of the order appointing the temporary receiver pending determination of this appeal upon condition that defendants post an $800,000 bond, which was done. In view of our disposition, the stay is hereby vacated and the bond should be discharged.

Accordingly, the order of the Supreme Court, New York County (GOMEZ, J.), entered November 19, 1981, appointing a temporary receiver of the land and buildings known as the Halloran House, described by metes and bounds in said order, should be reversed, on the law and the facts and in the exercise of discretion, with costs, the appointment vacated, and the motion for the appointment of a temporary receiver should be denied.

MURPHY, P. J., KUPFERMAN, CARRO and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County, entered on November 19, 1981, unanimously reversed, on the law and the facts and in the exercise of discretion, the appointment of a temporary receiver vacated, and the motion for the appointment of a temporary receiver denied. Appellants shall recover of respondent $50 costs and disbursements of this appeal.