BETTY SCHWARTZ, Plaintiff, *v.* JACOB SCHWARTZ, Defendant.

Supreme Court, Special Term, Kings County, August 13, 1951.

*Nathan Messinger* for plaintiff.

*Isidore L. Nitzberg* for defendant.

KEOGH, J.   Plaintiff wife moves to punish the defendant husband for contempt for his refusal to turn over to her as a sequestration receiver certain real property which the parties own as tenants by the entirety as he was directed to do by order of the Official Referee appointed to hear and determine (SMITH, Off. Ref., July 17, 1951); also to oust defendant from his possession.   Defendant husband moves to vacate or modify that order.

That the defendant has refused to comply with the terms of the order is admitted, the defendant relying on his contention that the terms thereof exceeded the authority given by the statute (Civ. Prac. Act, § 1171).   Defendant neither moved to reargue or resettle such order; nor did he appeal therefrom. However, his failure to do so would not foreclose him from seeking relief as now prayed for.

It is defendant's claim that a sequestration receiver under section 1171 may be appointed only of the rents and profits of real property and not of the real property itself as may be done under section 1171-a in the case of a nonresident defendant. Defendant is a resident.

This is a statutory receivership and the scope of its authority must be found in the statute (7 Carmody on New York Practice, § 584).   A reading and comparison of the language used in sections 1171 and 1171-a would bear out the defendant's views. If it were the legislative intent to authorize a sequestration of real property under the former, it would have been appropriate for the Legislature to have said so as it did in express terms under section 1171-a.   It is a reasonable interpretation that it did not so intend or it would not have used the language and made the provisions of the two sections so disparate.

It is true that under section 1171 a contingent provision is made under stated conditions for a sale or mortgage of real property, but that is additional relief and may not be read to amplify the power of the receiver in the first instance.

So far as is revealed, there are no " rents and profits " of the real property in question — a one-family dwelling house in which the defendant resides.

The case of *Britton* v. *Britton* (86 N. Y. S. 2d 771, DALY, J.), cited by Referee SMITH in his memorandum decision as authority for the receivership of the property itself, involved a nonresident defendant and was properly granted under section 1171-a.

As a coextensive owner of the property, seized thereof " *per mie et per tout*," plaintiff would have an equal right with defendant to occupy it. She does not seek to enforce such right, however, her present application being to be put into possession, not in her individual capacity, but in her capacity as receiver. Despite the persistence of certain peculiar common-law aspects of this type of real property holding, plaintiff, since the enactment of the so-called Married Women's Property Acts in this State, would be entitled to share as a *tenant in common* in any " rents and profits " (*Hiles* v. *Fisher*, 144 N. Y. 306) and could sue in equity to enforce such right (*Maekotter* v. *Maekotter*, 74 Misc. 214).

Under the circumstances, defendant's motion to vacate and modify the order of the Hon. PETER P. SMITH, Official Referee, is respectfully referred to the latter to hear and determine; also respectfully referred is the plaintiff's motion to punish and to oust defendant from his present possession. Submit order.