■ LOUISE POSMAN, Appellant, v EUGENE POSMAN, Individually and as Officer and/or Shareholder of BROOKLYN BOOKS, INC., and Others, Respondents. — In an action to impose a constructive trust, for an accounting of profits, a permanent injunction upon the transfer of business assets or stock, the appointment of a receiver and to compel the repayment of loans, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Harwood, J.), entered January 20, 1984, as denied her motion for provisional relief pursuant to CPLR articles 63 and 64.

Order affirmed, insofar as appealed from, with costs. Injunctive relief granted plaintiff, pending this appeal, by order of this court dated March 22, 1984, is hereby vacated.

Upon this record, it is evident that Special Term properly exercised its discretion in denying plaintiff's motion. Plaintiff failed to meet her burden of demonstrating, via a prima facie evidentiary showing, the necessity of the relief she requested (CPLR 6301; *Matter of Di Bona [General Rayfin]*, 45 AD2d 696; *Groh v Halloran,* 86 AD2d 30; CPLR 6401; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021, *appeal dismissed* 48 NY2d 654; *cf. Saff v Saff,* 61 AD2d 452). Plaintiff deliberately chose to seek a constructive trust upon her husband's businesses rather than equitable distribution of "marital" assets. Consequently, she is not entitled to the benefits of the more liberal rules concerning preliminary injunctions which apply in the equitable distribution context (*Leibowits v Leibowits,* 93 AD2d 535). Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.