■ ADRIENNE KALTENBACH, Appellant-Respondent, v KURT KALTENBACH, Respondent-Appellant.—In a matrimonial action, (1) the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Martin, J.), entered March 12, 1985, as, *inter alia,* awarded her maintenance of only $300 per week for two years, and child support of $100 per week, and directed a distribution of the marital assets, and (2) the defendant husband cross-appeals from so much of the same judgment as (a) granted the plaintiff 50% of the proceeds from

the sale of the marital home, (b) granted the plaintiff 20% of the defendant's interest in 1240 and 1250 Randall Avenue, (c) failed to authorize payment of the plaintiff's bills run up on his credit and the joint income tax obligation from the marital estate, and reimburse him for payment of the same, except to the extent of $10,000, (d) granted the plaintiff an equitable distribution award of $10,000, and (e) awarded the plaintiff $35,000 in counsel fees.

Judgment modified, on the law and the facts, by (1) deleting from subdivision C of the ninth decretal paragraph thereof the words "to the maximum extent of $10,000", (2) deleting from the tenth decretal paragraph thereof the figure "$10,000" and substituting therefor the figure "$250", and amending the findings of fact and conclusions of law to reflect that the defendant's stamp and coin collections are each worth $250 for a total of $500, (3) deleting subdivision C of the eleventh decretal paragraph thereof, (4) deleting from the eighteenth decretal paragraph thereof "January 10, 1987" and substituting therefor "January 10, 1988", and amending the findings of fact and conclusions of law to provide that the plaintiff wife shall receive maintenance for three years, and (5) adding a provision thereto that unpaid income-tax liabilities for the years in which the parties filed joint income tax returns, be satisfied out of the proceeds from the sale of the marital home. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.

While for the most part the trial court's determination constituted a proper exercise of its discretion, we note the following modifications. The trial court should have directed that the parties' joint income tax liabilities, which were incurred during the course of the marriage, and all the outstanding joint bills of the parties be satisfied out of the proceeds from the sale of the marital residence. Further, the trial court improvidently exercised its discretion in awarding the plaintiff a distributive award of $10,000, without citing any reasons therefor. Also, the maintenance award should have been granted for a period of three years. Finally, the trial court erred in setting a value of $10,000 each for defendant's stamp and coin collections, and holding that the plaintiff would forfeit $20,000 of her share of the marital assets if she failed to return those collections to the defendant, in view of the fact that the defendant himself valued the stamp and coin collections, in total, at $500. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.