■ PETER H. RUVOLO, Appellant-Respondent, v JACQUELINE K. RUVOLO, Respondent-Appellant.—In an action for a divorce and ancillary relief (1) the plaintiff husband appeals from stated portions of a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), entered November 7, 1986, which, *inter alia,* after a nonjury trial, (a) ordered that the proceeds from the sale of the marital home, after the satisfaction of three mortgages, be awarded to the defendant wife with the exception of $40,000 which is to be paid to the plaintiff to compensate him for the defendant's share of the $83,000 marital consumer debt which is in his name, (b) ordered that each party bear one half of the tax consequences arising from the sale of the marital residence, (c) ordered that he pay the defendant $1,000 per month maintenance for three years, (d) *ordered* that he provide the defendant with medical and dental insurance to the extent that such insurance is available as incident to his employment for five years, (e) ordered that he maintain a life insurance policy naming the defendant as

beneficiary thereof for five years, and (f) failed to award him certain personal property; and (2) the defendant wife cross-appeals from stated portions of the same judgment, which, *inter alia,* (a) characterized the $83,000 consumer debt in plaintiff's name at the time of trial as a "marital debt", (b) limited her maintenance to only $1,000 per month for three years, (c) ordered that the plaintiff provide her with medical and dental insurance only to the extent that such insurance is available to him as incident to his employment and for only five years, (d) ordered that the plaintiff maintain a life insurance policy naming her as beneficiary thereof for only five years, and (e) ordered that each party be responsible for his or her own counsel fees.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting from the second decretal paragraph thereof the words "the sum of one thousand ($1,000.00) dollars, which shall continue for a period of three years thereafter, and is inclusive of all obligations of plaintiff for the support and maintenance of the defendant" and substituting therefor the words "the sum of one thousand five hundred dollars ($1,500.00), which shall continue until the defendant's death or remarriage, whichever occurs first"; (2) deleting from the third decretal paragraph thereof the words "for a period of five years from the date of this judgment medical and dental insurance for the benefit of the defendant to the extent that such insurance is available as incident to the plaintiff's employment", and substituting therefor "until the death or remarriage of the defendant, whichever occurs first, medical and dental insurance for the benefit of the defendant equivalent to that presently provided by the plaintiff's employer"; (3) deleting from the fourth decretal paragraph thereof the words "for a period of five years" and substituting therefor the words "in the amount presently in effect until the defendant's death or remarriage, whichever occurs first"; (4) deleting the sixth decretal paragraph thereof, and substituting therefor the following provision, "ORDERED AND ADJUDGED that from the proceeds generated by a sale of the marital residence, the sum of $83,000 shall be paid to the plaintiff to satisfy a like sum of marital debt in the name of the plaintiff"; (5) deleting the eighth decretal paragraph thereof and substituting therefor the following provision "ORDERED AND ADJUDGED that the defendant shall be responsible for all of the tax liability for any gain or profit occasioned by the sale of the marital residence"; and (6) adding thereto the following provision "ORDERED AND ADJUDGED that the defendant shall return to

the plaintiff two lithographs which belonged to his father, and shall cooperate in providing him with family photographs, or reproductions thereof, as well as his tools"; as so modified, the judgment is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

We find that the Judicial Hearing Officer erred in not directing that the $83,000 marital consumer debt in the plaintiff's name be fully satisfied from the proceeds arising from the sale of the sole marital asset, namely, the marital residence (see, Kaltenbach v Kaltenbach, 121 AD2d 689, lv denied 68 NY2d 611). We further conclude that in light of the very marked discrepancy in the probable future financial circumstances of the plaintiff and the defendant (Domestic Relations Law § 236 [B] [5] [d] [8]), the Judicial Hearing Officer did not err in awarding the defendant wife the remainder of the proceeds arising from the sale of the marital residence after the marital debt is satisfied. However, in light of the fact that only the defendant will realize any profits from the sale of the marital residence, equity requires that she alone bear the tax consequences of that sale.

In view of the length of the parties' marriage, the defendant's age, her present medical infirmities and her limited skills and earning potential, we conclude that the Judicial Hearing Officer erred in awarding her only limited maintenance and insurance benefits, and we increase the maintenance award to $1,500 per month and determine that those benefits shall continue until the time of her death or remarriage, whichever occurs first. For similar reasons, we find that the Judicial Hearing Officer properly awarded the unemployed defendant, who was 52 years old at the time of the trial, all of the funds in her individual retirement accounts. The prospects of her acquiring any meaningful retirement benefits pale in comparison to those of the plaintiff, who, since the parties' separation, acquired the position of general counsel to a support unit at Citicorp, which position carried with it a salary of $86,000 per year at the time of trial, annual bonuses and substantial other benefits, including pension benefits, a savings incentive plan and stock options.

Finally, in light of the parties respective abilities to pay their own counsel fees, the Judicial Hearing Officer properly directed that they each be responsible for their own counsel fees incurred as a result of this action. Lawrence, J. P., Rubin, Kunzeman and Spatt, JJ., concur.