■ MAUREEN A. ROSE, Appellant-Respondent, v JOSEPH G. ROSE, Respondent-Appellant.—In a matrimonial action in which the parties were divorced by judgment entered August 5, 1981, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered June 29, 1987, as denied that branch of her cross motion which was for the appointment of a receiver pursuant to Domestic Relations Law § 243, and the sequestration of the defendant husband's equitable share of the net proceeds from the sale of the parties' former marital residence, and the defendant cross-appeals from so much of the same order as granted the plaintiff counsel fees in the sum of $1,500.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which denied that branch of

the the plaintiff's cross motion which was pursuant to Domestic Relations Law § 243 for the appointment of a receiver and directing the sequestration of the defendant husband's equitable share of the net proceeds from the sale of the parties' former marital residence, and substituting therefor a provision granting that branch of the cross motion to the extent of sequestering 50% of the defendant's equitable interest in the proceeds from the sale of the former marital residence and appointing the plaintiff the receiver thereof; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties were married on August 24, 1968. There is one child of their marriage, Joseph Rose, Jr., born on May 17, 1977. On August 5, 1981, the plaintiff was granted a judgment of divorce. The judgment provided, *inter alia,* that the plaintiff would receive custody of the parties' minor child and exclusive possession of the former marital residence. Furthermore, the judgment directed the defendant to pay to the plaintiff $75 per week child support. As a result of several proceedings in the Family Court in which the defendant sought a downward modification of the divorce judgment's support provision and the plaintiff moved for an order enforcing the defendant's support obligations, the support provision was reduced to $100 biweekly, payable through the Nassau County Department of Social Services Support Obligations Unit. Thereafter, the Supreme Court, Nassau County (Becker, J.), in an order dated February 18, 1986, directed that the former marital residence be sold and increased the defendant's biweekly support payment to $160. In April 1986 the plaintiff moved for leave to enter judgment for support arrears and an order appointing her receiver and sequestrator of the defendant's equitable interest in the former marital residence pursuant to Domestic Relations Law § 243. The Supreme Court, Nassau County (Levitt, J.), by order dated May 7, 1986, awarded the plaintiff arrears but denied that branch of her motion which was for sequestration and the appointment of a receiver.

In June 1986 the plaintiff again brought a motion for an order pursuant to Domestic Relations Law § 243. This motion was unopposed. By an order dated July 24, 1986, the Supreme Court, Nassau County (Burstein, J.), ordered "that the plaintiff is appointed receiver and sequestrator of defendant's interest in [the parties'] real property * * * with authority to sell immediately and distribute the proceeds of the sale between the parties". Following the sale of the former marital resi-

dence, the plaintiff's net receipts, after disbursements, were $112,295.27.

On May 4, 1987, the defendant brought on the instant motion for distribution of the proceeds of sale. The plaintiff cross-moved for an order under Domestic Relations Law § 243. The order of the Supreme Court, Nassau County (Levitt, J.), entered June 29, 1987, directed distribution of the proceeds of sale and denied the plaintiff's cross motion. The court awarded the plaintiff $1,500 attorney's fees.

We find that the plaintiff's application for an order appointing her permanent receiver and sequestrator of the defendant's equitable interest in the proceeds of sale of the former marital residence pursuant to Domestic Relations Law § 243 should be granted to the extent of 50% of the defendant's equitable interest in the proceeds of sale. This provision gives the court authority to sequester assets where an obligated party fails "to make any payment required by the terms of such a [matrimonial] judgment or order" (Domestic Relations Law § 243; see, Dowdle v Dowdle, 114 AD2d 699, 701; Catrone v Catrone, 92 AD2d 559; Lombardo v Lombardo, 37 AD2d 993, 994). This request for relief is addressed to and invokes the discretion of the court (Smith v Smith, 255 App Div 652; see, 2 Foster-Freed, Law and the Family, § 25:58 et seq.).

In the instant case, the record reveals that the defendant has repeatedly failed to satisfy his support obligations. This has prompted the plaintiff to bring numerous motions and proceedings to enforce the defendant's financial responsibilities and she was further required to seek judgments for arrears. Moreover, the wage deduction order presently in effect has not proved to be a sufficient enforcement mechanism in this case as evidenced by the fact that the defendant, a custodial attendant, did not notify his employer of the existence of the wage deduction order when he was transferred to a new school district. We find that the parties' child can best be protected by sequestering 50% of the defendant's share of the proceeds of sale as previously stated. Accordingly, the plaintiff need only distribute that part of the proceeds of sale which is not to be sequestered.

We additionally find that the court did not abuse its discretion in awarding the plaintiff $1,500 for counsel fees incurred with respect to the instant motion and cross motion (see, Domestic Relations Law § 237). Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.