PAULINE SOJKA, Respondent, v JOHN SOJKA, Appellant.—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The trial court abused its discretion in directing the immediate sale of defendant's home to provide a source for maintenance payments to plaintiff. Sequestration and sale of defendant's home is a drastic remedy which should be directed only when it is absolutely necessary and appropriate (see, Matter of Brennan v Brennan, 109 AD2d 960, 961). Defendant's failure to make his maintenance payments of $75 per week was caused by the closing of his place of employment. The record establishes that his sole income is his pension of $599 per month, of which plaintiff receives $200, leaving him with a total monthly income of $399. Further, despite his best efforts he has been unable to secure another job. He is presently receiving public support in the form of food stamps and HEAP heating assistance. Further, defendant's sole asset is his unencumbered home valued at approximately $55,000. Plaintiff is presently employed, grossing $134 per week, and there is no

indication that she is likely to become a public charge. Given these circumstances, any maintenance arrears can be adequately secured by the court granting plaintiff money judgments. Defendant should be given a further opportunity to secure employment before the court grants the drastic remedy of selling his only asset, his home.

Accordingly, we modify the order appealed from by deleting the provision directing the sale of defendant's home.

All concur, except Boomer and Pine, JJ., who dissent and vote to affirm, in the following memorandum. Boomer and Pine, JJ. (dissenting). We dissent. The parties entered into a stipulation resolving economic issues on or about November 8, 1986. This was incorporated but not merged in a divorce decree of March 13, 1987, ending a 20-year marriage. Defendant agreed to pay maintenance of $75 per week for nine years and he retained the marital residence, titled in his name. Plaintiff received $6,825 for relinquishing any claim to the residence. She was to share in defendant's pension.

Less than two months after the divorce decree, on May 7, 1987, defendant moved to be relieved of his maintenance obligation on the ground of undue hardship. He averred that he was about to be laid off by the closing of the plant where he was employed and that at the age of 49 he would receive a pension of only about $540 per month. He sought elimination of maintenance and of plaintiff's share of his pension. He showed his unencumbered home, which he valued at $55,000, as his only substantial asset. Plaintiff cross-moved for a judgment for arrears in maintenance from April 24, 1987 and for other relief.

After a full hearing, the court, by order entered April 18, 1988, denied defendant's motion and granted plaintiff's cross motion, finding in a written decision that the plant closed in July 1987; that the possible closing was known to the parties at the time of the stipulation; that defendant had failed to prove that the closing had caused extreme hardship, and that, even if it did, the possible closing was within the contemplation of the parties when the maintenance stipulation was made. This order was never appealed.

In July 1988, plaintiff moved to punish defendant for contempt for failure to pay maintenance in accord with the divorce decree and the April 18, 1988 order. Defendant asserted that he was financially unable to comply and that he had been unable to find work. He cross-moved for forgiveness of prior maintenance arrears, termination of maintenance payments and for maintenance from plaintiff.

The court denied defendant's cross motion and granted plaintiff a judgment for arrears in maintenance and counsel fees, awarded counsel fees on the contempt proceeding, and indicated that it would appoint a Referee to sell defendant's house to provide a source for the maintenance payments required by the agreement. This is the order on appeal. A separate order appointing a Referee to sell and directing that the net proceeds be held subject to further order of the court has not been appealed.

The court's order is within its authority under Domestic Relations Law § 236 (9) (a) and § 243, and should be affirmed as a proper exercise of the court's discretion *(see, Rose v Rose,* 138 AD2d 475, 477). We note that, in view of the fact that at least two unsatisfied judgments have long been entered against defendant, plaintiff would also be entitled to enforce them under CPLR article 52. The homestead exemption would only be available up to $10,000 (CPLR 5206 [e]). Thus, the majority in effect is delaying the inevitable, forcing plaintiff to pursue her rights under CPLR article 52, and to incur additional legal expenses in doing so. *Matter of Brennan v Brennan* (109 AD2d 960), relied on by the majority, is factually distinguishable. The majority improperly concludes that defendant is somehow entitled to relief because his failure to pay maintenance as he agreed was caused by the closing of his place of employment, ignoring the trial court's finding that this possibility was contemplated by the parties when they entered into the stipulation. The order entered on April 18, 1988, denying modification and enforcing the judgment was not appealed and the correctness of that order is not properly reviewable by this court now. (Appeal from order of Supreme Court, Erie County, Ostrcwski, J.—contempt.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.