SECOND DEPARTMENT, DECEMBER, 1990

(December 3, 1990)

■ ARTHUR A. ADINOLFI, Appellant, v FORTUNATA R. ADINOLFI, Respondent.—In an action for divorce and ancillary relief, the plaintiff appeals (1) from so much of a judgment of the Supreme Court, Suffolk County (Leis, J.), entered March 10, 1989, as, upon dismissing his cause of action for a divorce based upon constructive abandonment, severed the defendant's counterclaims and requests for ancillary relief and continued prior orders granting the defendant certain pendente lite relief, and (2) as limited by his brief, from so much of an order of the same court, dated March 1, 1989, as, *inter alia,* granted those branches of the defendant's motion which were to appoint a receiver for certain real property in which the plaintiff has an interest, to strike his reply to her counterclaims unless he complied with certain discovery demands, and for an award of interim counsel fees.

Ordered that the judgment entered March 10, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 1, 1989, is modified, on the law, by deleting that provision thereof granting that branch of the defendant's motion which was for an award of interim counsel fees; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted for a new determination as to the amount of interim counsel fees to which the defendant is entitled in accordance herewith and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiff's contention, the court's "partial

counter-judgment", did not serve to terminate the instant matrimonial action. Although the plaintiff's cause of action for a divorce was dismissed for failure to state a cause of action and failure of proof, the judgment left standing all of the defendant's counterclaims for ancillary relief *(see, Blisko v Blisko,* 149 AD2d 127, 128-129; *Forbush v Forbush,* 115 AD2d 335).* Therefore, the court did not err in directing the continuance of the prior pendente lite orders pending a final determination of the defendant's claims for ancillary relief *(cf., Sass v Sass,* 129 AD2d 622; *Flynn v Flynn,* 128 AD2d 583, 584).* We note that, contrary to the plaintiff's assertion, the record indicates that it is he, and not the defendant, who is preventing a speedy resolution of the counterclaims.

While recognizing that the appointment of a temporary receiver is a drastic remedy that should not be lightly granted *(see, Peters v Peters,* 127 AD2d 575; *Hildenbiddle v Hildenbiddle,* 110 AD2d 819),* we conclude that the defendant satisfied her burden of making a prima facie evidentiary showing warranting that relief *(see, Posman v Posman,* 108 AD2d 847).* The defendant asserted, and the plaintiff has not denied, that the latter removed himself from the State and established residence in Florida subsequent to the institution of this action. In addition, the record amply demonstrates that the plaintiff has a history of failing to comply with standing court orders directing discovery, payment of support, and fees. Therefore, the court properly exercised its discretion in directing that rents and profits from the plaintiff's real estate be sequestered and a receiver appointed *(see,* Domestic Relations Law § 243; *see, Rose v Rose,* 138 AD2d 475; *Peters v Peters, supra; cf., Sojka v Sojka,* 151 AD2d 1038; *Posman v Posman, supra).*

We further conclude that under the circumstances of this case, the court did not err in determining that the defendant is entitled to an award of interim attorney's fees (Domestic Relations Law § 237 [a]). The plaintiff's failure to request a hearing on the issue, or to raise an objection to the claimed counsel's fees in the trial court, resulted in the waiver of his right to a hearing *(see, Rosenberg v Rosenberg,* 155 AD2d 428; *Scheer v Scheer,* 139 AD2d 502; *Lynch v Lynch,* 97 AD2d 814).* Moreover, the plaintiff's assertion that the award is for fees which have already been paid by the defendant is simply unsupported by the record. However, as is conceded, the defendant is not entitled to attorney's fees to the extent that they are attributable to services performed in connection with her counterclaim for a constructive trust *(see, Pedersen v*

*Pedersen,* 91 AD2d 818). Thus, the matter must be remitted for a determination as to that portion of the award which is properly compensable in light of our determination.

Contrary to the plaintiff's contention, a prior court order directing discovery is not a prerequisite to the issuance of a conditional order striking a pleading for a party's failure to comply with discovery demands *(see,* CPLR 3126; *Wolfson v Nassau County Med. Center,* 141 AD2d 815). Moreover, under the circumstances of this case, the conditional order striking the plaintiff's reply to the defendant's counterclaim upon the plaintiff's failure, within 30 days, to comply with the defendant's discovery demands, does not constitute an improvident exercise of discretion *(see, DeMasi v Dine,* 155 AD2d 583; *Read v Dickson,* 150 AD2d 543).

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.