█ ROBIN BEAL, Respondent, v JEFFREY BEAL, Appellant. [601 NYS2d 24] —In a matrimonial action in which the parties were divorced by judgment entered December 27, 1989, the defendant former husband appeals (1) from an order of the Supreme Court, Nassau County (O'Brien, J.), entered November 20, 1991, which, *inter alia,* directed the sequestration of certain property and assets pursuant to Domestic Relations Law § 243, to enforce the terms of the divorce judgment, and

(2) from stated portions of an order of the same court, dated March 2, 1992, which, *inter alia,* granted certain branches of the plaintiff former wife's motion which were for counsel fees in the amount of $52,009, arrears in the children's unreimbursed medical expenses in the sum of $11,367.94, and directing payment of $19,571, representing her one-half interest in so much of the husband's pension fund as constitutes marital property.

Ordered that the order entered November 20, 1991, is modified, on the law, by deleting therefrom the provision directing the sequestration of the former husband's interest in the former marital residence; as so modified, the order entered November 20, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated March 2, 1992, is modified, on the law, by deleting therefrom the provision directing payment of $19,571, representing her one-half interest in so much of the husband's pension as constitutes marital property, and by substituting therefor a provision denying that branch of the wife's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the former husband's contention, we find that the facts of this case demonstrate that the trial court did not improvidently exercise its discretion in issuing an order of sequestration and appointing a receiver pursuant to Domestic Relations Law § 243. The record is replete with evidence of his flouting of prior court orders and his refusal to abide by the terms of the divorce judgment *(see, Adinolfi v Adinolfi,* 168 AD2d 401; *Rose v Rose,* 138 AD2d 475). In addition, given the former husband's minimal or nonexistent employment over the past several years, the option of an income execution was not available *(see, Rose v Rose, supra; cf., Frisina v Frisina,* 178 AD2d 460). Furthermore, the former husband's assertion that the former wife's attorney could not properly be appointed receiver of the property and act impartially in this role merely because of his fiduciary relationship with the former wife is meritless *(see, Rose v Rose, supra; Gastineau v Gastineau,* 151 Misc 2d 813). However, there having been no showing that the remainder of the former husband's sequestered assets will not be sufficient to satisfy his maintenance and support obligations, the sequestration of the former marital residence was not justified *(see,* Domestic Relations Law § 243; *Buxbaum v Buxbaum,* 149 AD2d 646; *see also, Schwartz v Schwartz,* 200 Misc 99, 100).

Given the demonstrated willful nature of the former husband's failure to obey numerous court orders compelling payment of maintenance and support, the court properly directed him to pay counsel fees to the former wife's attorney (see, Domestic Relations Law § 237 [c]). While the former husband would ordinarily be entitled to an evidentiary hearing during which he could challenge the value and extent of counsel's claimed services, he failed to object to the reasonableness of the fees in his opposition papers and did not request a hearing on the issue with specificity. The former husband has therefore waived his right to a hearing (see, Mancuso v Mancuso, 178 AD2d 584; Adinolfi v Adinolfi, 168 AD2d 401, supra; Robinson v Robinson, 166 AD2d 428).

However, documentary evidence in the record demonstrates that the former husband paid to the former wife the sum of $19,571, representing her one-half interest in so much of his pension as constitutes marital property. We note that the former wife admitted in her affidavit in the Supreme Court that these moneys were paid and were part of the distributive award. Therefore, we have modified the order dated March 2, 1992, accordingly.

We find the former husband's remaining contentions to be unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.