■ MARCIA G. PILATO, Respondent, v SAMUEL P. PILATO, Appellant. (Appeal No. 2.) [615 NYS2d 184] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in ordering defendant to pay the summer school tuition for the parties' daughter Lisa because the judgment of divorce only required defendant to pay college tuition expenses for Lisa only through the spring 1993 semester, when she would turn 21. The total due plaintiff must be reduced, therefore, by $636, from $32,295.97 to $31,659.97.

The court erred in holding defendant in contempt for failure to pay amounts due under the judgment and decree of divorce. Before defendant can be punished for contempt, it must appear to the satisfaction of the court that payment cannot be

enforced pursuant to Domestic Relations Law §§ 243 or 244 or CPLR 5241 or 5242 (Domestic Relations Law § 245). The court properly found that an income execution or deduction would be unavailable *(see, Beal v Beal,* 196 AD2d 471, 472; *cf., Sojka v Sojka,* 151 AD2d 1038, *appeal dismissed* 76 NY2d 730). The court made no finding, however, that payment could not have been enforced by sequestration or the giving of security under Domestic Relations Law § 243. To the contrary, the record indicates that defendant's assets, in particular the onions harvested from the preceding year, were available for sequestration and sale by a receiver.

The court erred in holding defendant in contempt for having included the marital residence among the properties securing a Farmers' Home Administration (FmHA) mortgage, in violation of a pendente lite order. That order, by its terms, enjoined defendant from mortgaging any of his property, but provided that "nothing [contained in the order] shall be construed to restrict [d]efendant from undertaking those transactions which [were] normal and necessary in the conduct of his business." The record reflects that, while all properties owned by a borrower of the FmHA are ordinarily covered in an FmHA mortgage, the marital residence premises could be released from the mortgage if necessary. To justify an order for civil contempt, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, and it must appear with reasonable certainty that the order has been disobeyed *(Matter of Glazer,* 168 AD2d 975, 976, *mot to dismiss appeal granted* 77 NY2d 939). It does not appear with reasonable certainty that the inclusion of the marital residence in the FmHA mortgage was outside the "normal and necessary" conduct of defendant's business.

Because we have vacated the contempt holdings and because the affirmation of plaintiff's attorney purportedly containing an itemization of services was not included in the record on appeal, the court's award of attorney's fees to plaintiff must also be vacated. (Appeal from Order of Supreme Court, Genesee County, Graney, J.—Contempt.) Present— Pine, J. P., Balio, Fallon, Wesley, and Davis, JJ.