■ JUDITH LOWE, Respondent, v WILLIAM LOWE, Appellant. [622 NYS2d 26] —Order, Supreme Court, New York County (David Saxe, J.), entered on June 14, 1994, which, *inter alia,* awarded the plaintiff-wife the sum of $1,500 per week in tax-free temporary maintenance and which awarded the plaintiff $50,000 in interim counsel fees, with leave to seek additional sums at trial, unanimously affirmed, with costs.

The IAS Court did not err in directing the defendant-husband to pay the plaintiff-wife interim counsel fees in accordance with Domestic Relations Law § 237 (a), which provides that a court may direct either spouse to pay the other counsel's fees in a matrimonial action "as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). Here, the disparate financial circumstances of the parties and the plaintiff's inability to pay her own counsel justified the court's exercise of its discretion in awarding interim fees in order to enable movant, the less affluent spouse, to prosecute or defend the action *(see, Wyser-Pratte v Wyser-Pratte,* 160 AD2d 290, 291).

Nor did the IAS Court improvidently exercise its discretion in awarding plaintiff *pendente lite* tax-free maintenance in the underlying matrimonial action since it is within the sound discretion of the court, pursuant to Internal Revenue Code (26 USC) § 71 (b) (1) (B), to provide in its order that the maintenance payments be neither income to the plaintiff nor deductible to the defendant for taxation purposes. *(Lasry v Lasry,* 180 AD2d 488, 489.)

In awarding temporary maintenance, the IAS Court carefully considered and balanced the factors enumerated in Domestic Relations Law § 236 (B) (6), including the financial status of the respective parties, the nature and duration of the marriage, and the future capacity of the plaintiff to be self-supporting *(Baker v Baker,* 120 AD2d 374), and was guided by

the fact that the defendant-husband herein had, for approximately three years, been providing the plaintiff-wife a tax-free allowance *(Hills v Hills,* 182 AD2d 584; *Wexler v Wexler,* 162 AD2d 326).

Where, as here, the court has given due consideration to the disparate financial circumstances of the parties, the resulting awards will not be disturbed on appeal *(King v King,* 183 AD2d 479), since it is well settled that any alleged inequity in the award of *pendente lite* maintenance or interim counsel fees should be remedied by a speedy trial rather than an appeal *(Wechsler v Wechsler,* 199 AD2d 51, 52). Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ.