■ MARJORIE FUEGEL, Respondent, v ERIC F. FUEGEL, Appellant. [648 NYS2d 695] —In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Dutchess County (Jiudice, J.), dated May 2, 1995, as, determined that monthly maintenance payments to the plaintiff wife are a nontaxable event and appointed the plaintiff wife as receiver of $50,000 in assets in the defendant husband's name, and (2) an order of the same court dated November 20, 1995, as, directed entry of a judgment awarding the plaintiff wife interest on the amount of maintenance arrears due.

Ordered that orders are affirmed insofar as appealed from, with one bill of costs.

Insofar as the defendant contends that the plaintiff's request to be appointed as receiver should have been denied, we note that the determination of this request for relief is addressed to and invokes the discretion of the court (see, Adinolfi v Adinolfi, 168 AD2d 401, 402; Rose v Rose, 138 AD2d 475, 477). Where, as here, the record reveals that the defendant had a history of repeatedly failing to comply with court orders directing payment of maintenance, the appointment of the plaintiff as receiver was proper (see, Rose v Rose, supra, at 476-477; Adinolfi v Adinolfi, supra; Beal v Beal, 196 AD2d 471, 472).

Further, it was within the sound discretion of the court, pur-

suant to Internal Revenue Code (26 USC) § 71 (b) (1) (B), to provide in the order appointing the plaintiff receiver that the maintenance payments be neither income to the plaintiff nor deductible to the defendant for taxation purposes *(see, Lowe v Lowe,* 211 AD2d 595; *Lasry v Lasry,* 180 AD2d 488, 489). We find that the court did not improvidently exercise its discretion in determining that the payment of temporary maintenance was a nontaxable event.

The defendant's remaining contention is without merit. Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.