■ ANGELINA LEKUTANAJ, Respondent, v PETER LEKUTANAJ, Appellant. [651 NYS2d 154] —In an action for a divorce and ancillary relief, the defendant husband appeals from (1) stated portions of a decision of the Supreme Court, Westchester County (Wood, J.), dated September 5, 1995, which, after a nonjury trial, *inter alia,* determined the issues of equitable distribution, maintenance, child support, attorneys' fees, and expert fees, (2) stated portions of a judgment of the same court, dated October 5, 1995, which, *inter alia,* awarded the wife a distributive award of $1,072,250, $1,000 per week maintenance plus cost-of-living adjustments for 14 years, $577 per week child support plus adjustments pursuant to the Consumer Price Index, counsel fees, expert fees, and disbursements, (3) a judgment of the same court, dated October 10, 1995, which awarded the plaintiff $5,396.93 for disbursements, and (4) an order of the same court (Shapiro, J.), entered February 22, 1996, which granted the plaintiff's motion for leave to enter a money judgment in the sum of $254,074.20 and to appoint a receiver of the defendant's real property. Justice Pizzuto has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the decision dated September 5, 1995, is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment dated October 5, 1995, is modified, on the law and the facts, by (1) deleting the provision thereof which awarded the wife a distributive award in the sum of $1,072,250, and substituting therefor a provision awarding the wife a distributive award of $968,502, less one-half the taxes and expenses incurred by the husband in selling real property to satisfy the distributive award, (2) deleting the provision thereof requiring payment of the distributive award in three installments, and substituting therefor a provision that the time for payment of the distributive award shall be determined by the court after deducting one-half of the taxes and expenses incurred by the husband in selling real property to satisfy the distributive award, (3) reducing the amount of maintenance from $1,000 per week to $750 per week and the duration of maintenance from 14 years to 10 years, (4) deleting the provision thereof which provides for adjustments in child support based upon the Consumer Price Index, (5) adding a provision thereto that, as soon as the distributive award is paid in full, child support shall be adjusted; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment dated October 10, 1995, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered February 22, 1996, is modified, on the law and the facts, by deleting the provision thereof which granted that branch of the wife's motion which was for leave to enter a money judgment in the principal sum of $254,074.20 and substituting therefor a provision denying that branch of the wife's motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith and for entry of an appropriate amended judgment regarding the sum of the distributive award due the wife.

The court should have deducted from the value of the marital property $207,496 in unpaid taxes for the tax year 1990. These taxes were clearly incurred before the action was commenced, and therefore constituted a marital debt (*see, Kaltenbach v Kaltenbach,* 121 AD2d 689). However, the court properly held that the husband should be held solely responsible for penalties and interest (*see, Capasso v Capasso,* 129 AD2d 267). Accordingly, the wife's distributive award must be reduced to $968,502.

The wife's equitable share of taxes and expenses incurred by the husband in selling real property to satisfy the distributive award should be deducted from the distributive award (*see, Hartog v Hartog,* 85 NY2d 36, 52; *Capasso v Capasso, supra,* at 276). We further find that the payment schedule set by the trial court, which effectively required liquidation of one-half of the husband's extensive real estate holdings in five months, was unreasonable. In any event, since the exact amount of the distributive award due to the wife cannot be determined until the property has been sold, the matter must be remitted to the Supreme Court, Westchester County, to determine, after consultation with the receiver, the exact amount to be paid, and the time for payment.

The court's finding that the husband's annual income was $170,000 was supported by the credible evidence in the record. Based upon that figure, the award of $577 per week of child support for four children was not an improvident exercise of discretion. However, child support should be adjusted pursuant to the Child Support Standards Act, not the Consumer Price Index. Accordingly, the provision of the judgment which provides for adjustments in child support based upon the Consumer Price Index is deleted.

Further, since the wife is still relatively young, in good

health, has already secured some employment, and will receive a substantial distributive award, we find that maintenance should be reduced to $750 per week (plus cost-of-living adjustments) for 10 years (*see, Iwahara v Iwahara,* 226 AD2d 346).

The husband will have to liquidate income-producing property to satisfy the distributive award. The extent of his income after liquidation cannot be determined prior to liquidation, based upon the evidence in this record. Accordingly, upon satisfaction of the distributive award, child support must be adjusted to reflect the husband's and the wife's level of income at that time. In computing child support pursuant to the Child Support Standards Act, the court must deduct maintenance to be paid to the wife from the husband's income, and provide for "concomitant increase in the child support obligation" once maintenance is terminated (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354; *Tarascio v Tarascio,* 183 AD2d 890). The court must also consider whether child support based upon 31% of combined parental income is improvident under the circumstances, and in conjunction with the award of educational expenses (*see,* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano,* 85 NY2d 649). We further note that the child support award must be adjusted periodically as each child reaches the age of 21 years (*see, Matter of Montagnino v Montagnino,* 208 AD2d 631).

In light of the husband's demonstrated propensity to remove and dissipate marital assets, to be less than forthcoming regarding his finances, and to disregard provisions of court orders and judgments which he was able to comply with, we find no error in the appointment of a receiver of his real estate properties pursuant to Domestic Relations Law § 243 (*see, Beal v Beal,* 196 AD2d 471; *Adinolfi v Adinolfi,* 168 AD2d 401; *Rose v Rose,* 138 AD2d 475).

The husband's remaining contentions are without merit. Pizzuto, J. P., Altman, Goldstein and McGinity, JJ., concur.