■ ROSEMARY ROSE, Respondent, v GERARD ROSE, Appellant. [760 NYS2d 196] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated June 20, 2002, as granted the plaintiff wife's motion for the appointment of a receiver for certain income producing properties and directed the defendant husband to provide an accounting for the period beginning from January 1999 until June 20, 2002, during which period he collected income from the properties.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court in a matrimonial action possesses the discretion to appoint a receiver when, among other things, there is a danger that marital property will be removed from the state, lost, or materially injured or destroyed (*see* CPLR 6401 [a]; *Martinucci v Martinucci,* 288 AD2d 444 [2001]; *Fuegel v Fuegel,* 232 AD2d 608 [1996]). Appointment of a receiver is an extreme remedy which should be granted only upon a clear showing of the necessity for conservation of the property and the interests of the movant (*see DaSilva v DaSilva,* 225 AD2d 513 [1996]; *Serdaro-*

*glu v Serdaroglu,* 209 AD2d 606, 608 [1994]; *see also Rogers v Rogers,* 190 AD2d 720, 721 [1993]).

Contrary to the contentions of the defendant husband, the wife satisfied her evidentiary burden by establishing, inter alia, that he collected and utilized rental income from various income producing real properties, which were acquired and/or appreciated in value during the parties' marriage, for his sole benefit *(see Martinucci v Martinucci, supra; Lekutanaj v Lekutanaj,* 234 AD2d 429, 431 [1996]; *Adinolfi v Adinolfi,* 168 AD2d 401 [1990]; *Wong v Wong,* 161 AD2d 710 [1990]). Indeed, even now the husband decries the loss of *his* income, without acknowledging that the properties in issue were largely marital investments subject to equitable distribution; the income they produce is not his alone. Finally, the Supreme Court's appointment of the wife to serve as uncompensated receiver maximizes the preservation of these marital assets. Accordingly, the Supreme Court acted providently in appointing the wife to serve as receiver, and in directing the husband to account for the income he alone enjoyed.

The husband's remaining contentions are without merit. S. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.