■ ROBERTA L. HOFFMAN, Appellant, v JOEL S. HOFFMAN, Respondent. [916 NYS2d 145]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated October 15, 2009, as, inter alia, denied that branch of her motion which was to appoint her as receiver of the defendant's interest in the marital residence and granted that branch of her motion which was to enjoin the defendant from receiving any funds from an auction of certain real property pending repayment of a certain sum of money to her, only to the extent of directing that the net proceeds from any sale of specified property be held in escrow.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appointment of a temporary receiver is an extreme remedy which can only be invoked in cases in which the moving party has made a clear evidentiary showing of the necessity for conservation of the property and protection of the interests of the movant (see CPLR 6401 [a]; Iannone v Iannone, 31 AD3d 713, 715 [2006]; Rose v Rose, 305 AD2d 578, 578-579 [2003]). Here, the Supreme Court properly determined that the plaintiff failed to establish that there was a danger of irreparable loss or material injury to the marital residence, or that there was otherwise a need for protection of that asset as would warrant the appointment of a receiver (see Quick v Quick, 69 AD3d 828, 829 [2010]; Iannone v Iannone, 31 AD3d at 715; Serdaroglu v Serdaroglu, 209 AD2d 606, 608 [1994]; cf. Rose v Rose, 305 AD2d at 578-579).

The plaintiff asserts that the Supreme Court should have enjoined the defendant from receiving any funds from an auction which was proposed to take place on September 1, 2009, of certain real property pending repayment to her of the outstanding balance of a loan in the sum of $500,000 that she advanced to the defendant. The plaintiff correctly contends that pursuant to the parties' October 2, 2008, stipulation, any net proceeds received from the sale of the subject real property were required to be paid to the plaintiff to satisfy any outstanding balance of the $500,000 loan before those funds would be paid to the defendant as reimbursement for his payment of carrying costs on

the marital residence or in equitable distribution. Notwithstanding the foregoing, it is undisputed that at the time the Supreme Court made its determination in the order dated October 15, 2009, the auction referred to in the plaintiff's motion had never taken place. Accordingly, the Supreme Court could not have enjoined the defendant from receiving the funds from the proposed September 1, 2009, auction, and the relief granted to the plaintiff by the Supreme Court was adequate to protect her interest with respect to the property in the future.

The plaintiff's contentions concerning that branch of her motion which was for certain disclosure are without merit, as the Supreme Court granted the full relief requested by her. Skelos, J.P., Balkin, Austin and Roman, JJ., concur.