Matter of Mundell v New York State Dept. of Transp. (2020 NY Slip Op 04099)





Matter of Mundell v New York State Dept. of Transp.


2020 NY Slip Op 04099


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1115 CA 19-00289

[*1]IN THE MATTER OF LEANNE MUNDELL, PETITIONER-RESPONDENT,
v
NEW YORK STATE DEPARTMENT OF TRANSPORTATION, RAYMOND LAMARCO, DIRECTOR, OFFICE OF HUMAN RESOURCES, NEW YORK STATE DEPARTMENT OF TRANSPORTATION, RESPONDENTS-APPELLANTS, ET AL., RESPONDENTS. (APPEAL NO. 1.) 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
BOSMAN LAW FIRM, LLC, BLOSSVALE (A.J. BOSMAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered August 7, 2018 in a CPLR article 78 proceeding. The order, insofar as appealed from, adjudged respondents-appellants to be in contempt of court. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and that part of the motion seeking an order adjudging respondents-appellants in civil contempt is denied.
Memorandum: Petitioner was employed by respondent New York State Department of Transportation (DOT). In 2015, following an investigation, petitioner was terminated from her new position during her probationary period for alleged wrongdoing. She requested a hearing on the matter pursuant to Civil Service Law § 75. During the pendency of the hearing, the DOT suspended petitioner without pay. She thereafter commenced this proceeding pursuant to, inter alia, CPLR article 78 seeking, as relevant here, to compel respondents-appellants (DOT respondents) to restore her to paid leave status and reimburse her for back pay. In October 2015, Supreme Court issued a judgment that, inter alia, required that petitioner be "immediately" restored to paid status with back pay.
In December 2015, petitioner moved by order to show cause, inter alia, to have certain respondents held in contempt for their alleged failure to comply with the October 2015 judgment, and for attorneys' fees and costs pursuant to Judiciary Law § 753 and CPLR article 86. She alleged that she had not been immediately restored to the payroll and, at the time of the motion, had yet to receive back pay. The court conducted a hearing on the motion on various dates between February 2016 and January 2018.
In appeal No. 1, the DOT respondents appeal from an order that, inter alia, granted petitioner's motion to the extent of holding the DOT respondents in civil contempt for violating the October 2015 judgment. The court effectively reserved decision on that part of the motion seeking attorneys' fees and costs and ordered petitioner to submit a bill of fees and costs within 30 days of service of the order in appeal No. 1. In appeal No. 2, the DOT respondents appeal from an order that granted petitioner's subsequent application for attorneys' fees and costs (application) insofar as it sought attorneys' fees and costs pursuant to Judiciary Law §§ 753 and 773 in the amount of $21,483.50 and, sua sponte, awarded a fine of $250 under Judiciary Law § 773. In appeal No. 3, the DOT respondents appeal from an order that granted the application [*2]insofar as it sought attorneys' fees and costs pursuant to CPLR article 86.
In appeal No. 1, we conclude that the court erred in granting that part of petitioner's motion seeking to have the DOT respondents adjudged in contempt of the October 2015 judgment. "A finding of civil contempt must be supported by four elements: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect; (2) [i]t must appear, with reasonable certainty, that the order has been disobeyed; (3) the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party; and (4) prejudice to the right of a party to the litigation must be demonstrated" (Dotzler v Buono, 144 AD3d 1512, 1513-1514 [4th Dept 2016] [internal quotation marks omitted and emphasis added]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). A movant seeking a contempt order bears the burden of establishing the foregoing elements by clear and convincing evidence (see El-Dehdan, 26 NY3d at 29; Belkhir v Amrane-Belkhir, 128 AD3d 1382, 1382 [4th Dept 2015]). We review a court's ruling on a contempt motion for an abuse of discretion (see generally Matter of Moreno v Elliott, 155 AD3d 1561, 1562 [4th Dept 2017], lv dismissed in part and denied in part 30 NY3d 1098 [2018]).
Here, we conclude that petitioner failed to show by clear and convincing evidence that the failure of the DOT respondents to immediately comply with the directives of the October 2015 judgment " defeat[ed], impair[ed], impede[d] or prejudice[d]' " petitioner's rights (Palmieri v Town of Babylon, 167 AD3d 637, 640 [2d Dept 2018]; see Cayre v Pinelli, 172 AD3d 611, 611 [1st Dept 2019]; Cherico, Stix & Assoc. v Abramson, 235 AD2d 515, 516 [2d Dept 1997]; see generally Great Neck Pennysaver v Central Nassau Publs., 65 AD2d 616, 617 [2d Dept 1978]). We are mindful that "[a]ny penalty imposed [for a civil contempt] is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239 [1987] [emphasis added]; see McCain v Dinkins, 84 NY2d 216, 226 [1994]). By the time the court conducted the hearing on petitioner's contempt motion, it was undisputed that she had been restored to the payroll, was receiving payment, and had been awarded back pay for the time she was wrongly suspended without pay. Thus, the goals of civil contempt would not be furthered by granting petitioner's motion absent any prejudice to her once the relevant DOT respondents complied with the directives of the October 2015 judgment and restored her to paid status. We therefore reverse the order in appeal No. 1 insofar as appealed from and deny that part of the motion seeking an order adjudging the DOT respondents in civil contempt.
Inasmuch as the court erred in adjudging the DOT respondents in contempt in appeal No. 1, we conclude in appeal No. 2 that petitioner is not entitled to attorneys' fees, costs, or the statutory fine flowing from the DOT respondents' allegedly contemptuous conduct (see Halfond v White Lake Shores Assn., Inc., 114 AD3d 1315, 1317 [4th Dept 2014]; Pilato v Pilato, 206 AD2d 929, 929-930 [4th Dept 1994]). We therefore reverse the order in appeal No. 2.
Finally, in appeal No. 3, we conclude that the court erred in awarding petitioner attorneys' fees and costs pursuant to CPLR article 86, and we therefore also reverse the order in that appeal. "A party seeking an award of fees and other expenses shall, within [30] days of final judgment in the action, submit to the court an application" (CPLR 8601 [b] [emphasis added]). Here, we conclude that the October 2015 judgment was a final judgment for purposes of CPLR article 86 because it addressed all of petitioner's requests for CPLR article 78 relief and there was nothing left for further judicial action (see CPLR 8602 [c]; see generally Burke v Crosson, 85 NY2d 10, 15 [1995]). Inasmuch as the application was submitted about three years after the entry of the final judgment, that part of the application seeking attorneys' fees and costs pursuant to CPLR article 86 was time-barred (see Matter of Acevedo v Wing, 269 AD2d 339, 339 [1st Dept 2000], lv dismissed 95 NY2d 824 [2000], rearg denied 95 NY2d 888 [2000]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court