(April 23, 1953.)

■

MURRAY MESTER, Respondent, v. ABRAHAM MORGENSTERN et al., Appellants, et al., Defendants.

*Per Curiam.* Plaintiff is the owner of one-half interest in the partnership which by its terms has been terminated by plaintiff's election to terminate given in the partnership agreement. Accordingly, plaintiff is entitled to a full accounting of all the assets belonging to the partnership.

On argument both sides stipulated to go to trial in the May, 1953, term of the court on completion of necessary examinations before trial. Under all the facts and circumstances disclosed, the appointment of a receiver *pendente lite* of the partnership assets was not necessary. We also hold that on this record Special Term on a motion for appointment of a receiver *pendente lite* should not have decided on conflicting affidavits the basic and contested issue of whether the partnership assets include all or some of the assets of defendant corporations.

Enough was, however, shown to require for plaintiff's protection, that defendants and their agents should be enjoined *pendente lite* from removing beyond the jurisdiction of the court or wasting or transferring or disposing of property of the copartnership or the capital stock or the properties and physical assets of defendants, Budget, Manor and Ranch corporations without prior approval of the court except that defendants should not be enjoined from conducting in the ordinary course of business their usual affairs. Also defendants should not be enjoined from paying any lawfully accruing taxes, the failure to pay which may result in penalties and interest. Defendants in their brief do not request that the fifth decretal of the orders appealed from granting an injunction *pendente lite* should be struck out; in view, however, of our vacatur of the receivership that decretal should be revised so as to conform with the modifications directed herein.

As defendants have expressly appealed from the resettled order of March 4, 1953, the appeal from the original order dated February 16, 1953, should be dismissed as academic without costs.

The resettled order appealed from should be modified by striking out all the decretals except the fifth relating to the injunction and by modifying the fifth in accordance with this opinion and as so modified the order should be affirmed, with costs to defendants-appellants. Both sides should expeditiously complete the examinations before trial and proceed to trial without any unnecessary delay in the May, 1953, term of the court.

Settle order on one day's notice.

Peck, P. J., Glennon, Dore, Van Voorhis and Bergan, JJ., concur.

Appeal from the original order dated February 16, 1953, unanimously dismissed as academic. The resettled order appealed from is unanimously modified in accordance with the opinion herein. Settle order on one day's notice.