A. Franklin Mahoney, J.
Plaintiff has moved, pursuant to CPLR 3211 (subd. [a], par. 7), for a judgment dismissing the *480 counterclaim of the defendant upon the ground that it fails to state facts sufficient to constitute a cause of action. The action is one in negligence for damages for the conscious pain and suffering and the wrongful death of the above-named decedent as a result of an automobile accident between a vehicle owned by the plaintiff executrix and operated by said decedent and a vehicle operated by defendant. Defendant’s answer contained a counterclaim against the plaintiff executrix in her individual capacity, alleging that if plaintiff estate should recover against defendant, defendant would be entitled to indemnification pursuant to the doctrine of Dole v. Dow Chem. Co. (30 N Y 2d 143) against plaintiff executrix individually by reason of her negligence. It appears from defendant’s supporting papers in opposition that defendant will contend there may be evidence that the accident resulted from the negligence of the plaintiff executrix individually as owner of the vehicle by reason of the defective condition of said vehicle.
The applicability of the Dole principle, given the facts qf this case, must be ccnsidered in the context of whether the new theory of contribution among joint tort-feasors based on fault alters the well-settled rule restricting counterclaims against a representative plaintiff to those that can be asserted against him, in the capacity in which ¡he sues (CPLR 3019).
When a plaintiff has several capacities, CPLR 3019 permits á counterclaim against him only in the capacity in which fié appears in the case. The purpose of the rule is to preclude the interposition of an unrelated claim, or of a claim which would, if successful, diminish the represented person’s recovery with something that was only against the representative. The Dole counterclaim does not necessarily violate either of these purposes.
For example, if a father sues,* individually, and as parent and guardian, a defendant, who, in turn, counterclaims against the father for full or partial contribution, it does nothing harmful to the purpose of the same capacity rule. The result would be the same if the father sued only as his son’s representative. The defendant’s counterclaim would be regarded as running only against the parent, and would be of no consequence to the infant’s action. If the defendant were at fault and the parent not, the infant would recover in full. If both the defendant and parent were at fault, the child would recover in full, with his parent paying or contributing to the fiscal result. In such a con *481 text, the proper action is a third-party claim against the father. However, if the defendant should employ the device of a epunterclaim, a motion to dismiss, at the pleading state, should be denied because, regardless of legal machinery, no prejudice could result to the plaintiff.
However, in wrongful death actions, accompanied by an action for conscious pain and suffering, a more restrictive judicial overview may be necessary. If the representative of the deceased were a participant, either directly or vicariously, in the event that gave rise to the actions and, therefore, vulnerable to a Dole type interpleader, caution must be exercised to fashion the mechanism by which such a representative is made a party to the action. If the defendant commenced a third-party action against the representative in his individual capacity, no deleterious result could redound to the disadvantage of the represented’s estate even if the third-party action were successful. If, however, the defendant should counterclaim against the fiduciary only in his representative capacity, the danger is present, should the defendant be successful in prosecuting his counterclaim, that the distributees or devisees of the deceased would be adversely affected, as to that part of any judgment against the defendant for conscious pain and suffering which would be payable to decedent’s estate and, necessarily, diminished or extinguished if the representative had to pay all or part of such judgment as a joint tort-feasor.
In the latter situation it is critical that a Dole defendant employ the precise legal machinery to interplead a prospective contributing tort-feasor. In this instance of a fiduciary representative, that device must be a third-party complaint and not a counterclaim.
The motion to dismiss the counterclaim is granted.

 Not, of course, in a factual situation alleging failure of parental supervision.