■ LILLIAN HALLE, Appellant, v ROBERT HALLE, Respondent.—In an action *inter alia* to (1) rescind and set aside a transfer of shares of stock of two corporations and (2) cancel the underlying agreement on the grounds of fraud and duress, the plaintiff wife appeals from three orders of the Supreme Court, Richmond County, each entered February 18, 1976, (1) the first of which granted her motion for a preliminary injunction to the extent that the defendant husband was enjoined from selling his shares of stock in the two corporations, (2) the second of which denied her motion for the appointment of a temporary receiver and (3) the third of which denied her motion to amend the complaint to add Josephine Halle, also known as Josephine M. Halle, as a party defendant. First above-mentioned order modified by deleting therefrom the language following the word "granted" and substituting therefor a provision to the effect that the defendant and his agents are preliminarily enjoined from removing beyond the jurisdiction of the court, or wasting or transferring or disposing of, the capital stock or assets of the corporations without prior approval of the court, except that defendant is not enjoined from conducting, in the ordinary course of business, the usual affairs of the corporations. As so modified, order affirmed, without costs or disbursements. Second and third above-mentioned orders affirmed, without costs or disbursements. The parties acquired a "convenience grocery business"; 50 shares of the common stock of that business were issued to plaintiff, who thereupon became the sole shareholder, president and sole director of the corporation. They also formed a real estate corporation in which each held a 50% interest. Thereafter, their marital relationship became strained and they entered into a separation agreement which stated, *inter alia,* that they had agreed, between themselves, to the disposition of their personal property, without specifying the details of that disposition. As part of the property settlement, plaintiff transferred to defendant all of her stock in both corporations. Subsequently, plaintiff commenced this action to set aside the transfer on the grounds of fraud, duress and undue influence. She also moved (1) for a preliminary injunction to restrain defendant and others from disposing of the stock or assets of the corporations, except in the ordinary course of business, (2) for the appointment of a temporary receiver and (3) to amend the complaint to include her mother-in-law as a party defendant to the action. Plaintiff is of the view that she will suffer irreparable harm if defendant puts the shares of stock beyond the reach of the court or alters the economic positions of the enterprises, except in the ordinary course of business. She also fears that defendant's unfettered management and operation of the businesses may result in their complete destruction. Her fears are not ill-founded, as demonstrated by the fact that defendant conveyed the stock to his mother shortly after he received it from plaintiff. Because of the harsh consequences of a receivership, courts often will choose to protect endangered property by enjoining the parties from engaging in any activity which might damage or destroy it *(Mester v Morgenstern,* 281 App Div 967). That is what Special

Term did here, but we do not think the injunction went far enough. On the record before us on this appeal, which consists essentially of conflicting affidavits and affirmations, Special Term properly denied plaintiff's motion for the appointment of a temporary receiver. However, the *status quo* of the parties will not be preserved and the endangered property will not be protected unless the injunction prohibits defendant not merely from selling the stock, but also from engaging in any activity which might damage or destroy the property. Defendant's attorney has affirmed, and defendant has stated in his affidavit, that the stock in dispute has been transferred back to the defendant from his mother. Therefore, there is no longer any reason to join her as a party defendant to this action. Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.