■ WALTER C. KRETZER, JR., Appellant, v DOROTHEA J. KRETZER, Respondent. — Order, Supreme Court, Bronx County, entered November 24, 1980, directing the escrow agent to release to defendant the sum of $4,750, sequestering plaintiff's property and granting other relief, is modified, on the law and the facts, without costs, to the extent of reversing so much of the order as appoints defendant receiver of Ship's Locker, Inc., and directs the mortgagor of certain real property to make monthly mortgage payments to defendant as such receiver, and reducing the amount to be released from the escrow from $4,750 to $3,250, and the order is otherwise affirmed. The fourth and fifth decretal paragraphs of the order are vacated; and in the first and second decretal paragraphs the sum released is changed from $4,750 to $3,250. Our consideration of this case has been hindered by a meager record. We have by sending for additional documents, been able to ascertain that in this action and a companion action, as to which a joint trial has been directed, the defendant wife is seeking a divorce and separation, and there are also various causes of action with respect to property disputes between the parties. It was improper to appoint defendant wife receiver of Ship's Locker, Inc. That corporation was not a party to the action. The notice of motion did not ask for this relief. Plaintiff is the sole stockholder of that corporation. The application of the corporation's moneys to meet plaintiff's personal obligations would in essence be a dividend. We have no information whether the corporation can legally pay a dividend. We do not know anything about the corporation's creditors and whether the corporation is solvent, or has a surplus. (See Business Corporation Law, § 510.) Nor do we have enough facts to know whether we can "pierce the corporate veil" and disregard the separate corporate entity. Ship's Locker, Inc., is apparently the mortgagee of certain real property and the order appealed from directed the mortgagor of that property to pay the monthly mortgage payment to defendant wife as receiver of Ship's Locker, Inc. We

are reversing that portion of the order. Pending the appeal, this court directed that those payments be held in escrow by defendant's counsel. Presumably those payments are now the property of Ship's Locker, Inc., and should be treated accordingly. Defendant sought a money judgment for $4,750 representing arrears of temporary alimony and child support (under an order of April 30, 1980) of $250 per week commencing February 18, 1980. As an alternative defendant requested that the escrow agent on the sale of a house be directed to release to defendant the sum of $4,750. Special Term granted the alternative relief. However, it appears that the order of April 30, 1980 directed that $100 per week temporary alimony commence February 18, 1980 but that the $150 per week child support commence on the date of the entry of the April 30, 1980 order, i.e., May 2, 1980. Thus, the $4,750 is excessive for this period by approximately $1,500. Accordingly, we reduce the $4,750 figure to $3,250. This miscalculation was not called to our attention either on the motion for a stay or on the appeal. Thus, if, as seems likely, the escrow agent has already paid $4,750 to the defendant wife, he was acting strictly in accordance with the order of the court, which has not been stayed, and no criticism attaches to him. However, we deem it appropriate to record this miscalculation for whatever consequences may flow as between plaintiff and defendant. There is authority that before an order of sequestration is made in a matrimonial action pursuant to section 243 or 233 of the Domestic Relations Law, it is better practice to give the defaulting spouse an opportunity to substitute security by way of a surety company bond together with payment of all outstanding arrears. (See *Scharer v Scharer,* 279 App Div 603.) However, in the present case, if the husband is as financially pressed as he says, it would be a futile gesture to give him that opportunity. Accordingly, we do not so direct. We note that section 243 of the Domestic Relations Law provides that sequestered assets may be applied "from time to time, under the direction of the court" to the payment of support of wife and children pursuant to an order or judgment. The order appealed from does not expressly so provide. The statutory provision nevertheless governs. The husband obviously wishes a downward modification of the temporary alimony and child support ordered by the Supreme Court on April 30, 1980. As he did not appeal from that order and the time to appeal from it has expired, there is no issue before us as to the order. We have said many times that the remedy of an aggrieved party with respect to a temporary alimony order that he deems excessive is to press for an early trial rather than an interlocutory appeal. We note from the county clerk's file that on October 28, 1980 Justice Rosen stated "that the best interests of the children would be served by a resolution of this and all issues by an early trial." The county clerk's file is now approximately six inches thick. There have been motions back and forth, this appeal, motion for a stay, etc. In this dispute involving matrimonial and property rights between a husband and a wife, it would appear that each of the parties was probably familiar with all of the relevant facts from the day the action was begun and could have been ready for trial within weeks after issue was joined. Yet the action has been pending for almost three years and has still not been tried. We can only repeat that the remedy of the parties is to press for an early trial. Concur — Birns, J. P., Sandler, Silverman, Bloom and Fein, JJ.