■ JOSEPH CATRONE, Appellant-Respondent, v MARLENE CATRONE, Respondent, and IRA H. LEIBOWITZ, LASKY AND PETERSON, Cross-Appellant. — In a matrimonial action (1) plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered May 12, 1982, as granted the defendant's motion for an order directing the sequestration of plaintiff's property and appointed the defendant as receiver and (2) counsel for the plaintiff cross-appeals from so much of the same order as denied its cross motion to be relieved as plaintiff's attorney. Order affirmed, without costs or disbursements. Having been invested by the Legislature with the discretionary authority to order the sequestration of property to enforce the provisions of "[a]ll orders or decrees entered in matrimonial actions" (Domestic Relations Law, § 236, part B, subd 9, par a; emphasis added; see 2 Foster & Freed, Law and the Family, § 33:12, 1982 Cum Supp, p 850; cf. Farino v Farino, 63 AD2d 691), Special Term did not abuse its discretion in directing the sequestration of plaintiff's property in order to remedy his noncompliance with an order of temporary maintenance and child support which had previously been granted to the defendant. Moreover, the cross motion by plaintiff's counsel to be relieved as his attorney was properly denied in view of the nonspecific nature of the allegations made in support of that motion. The matter has not yet been concluded, and there has been no allegation of facts sufficient to warrant counsel's permissive withdrawal under the Code of Professional Responsibility (see Code of Professional Responsibility, DR 2-110 [C] [1] [f]; Isser v Berg, 38 Misc 2d 957). Lazer J. P., Mangano, Gibbons and Gulotta, JJ., concur.