■ In the Matter of GRACE M. BRENNAN, Respondent, v JAMES P. BRENNAN, Appellant. — Casey, J. Appeals from two orders of

the Supreme Court at Special Term (Connor, J.), entered June 19, 1984 and September 13, 1984 in Albany County, and a judgment of said court, entered September 14, 1984 in Albany County, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 244, for support arrears.

Respondent does not dispute the amount of the arrears owed by him to petitioner pursuant to a judgment of separation dated October 7, 1983. Rather, respondent contends that Special Term erred in granting petitioner a judgment for those arrears when Brennan's Bus Service, Inc., a corporation owned and operated by respondent, has a judgment against petitioner in excess of $100,000 arising out of her conversion of corporate money when the parties separated. Respondent also argues that Special Term abused its discretion in appointing petitioner as the receiver of income of Brennan's Bus Service, Inc., and a second corporation owned and operated by respondent.

Respondent's claim concerning the effect of the judgment against petitioner is meritless. The judgment contains a provision staying its execution until the parties' marital property has been equitably distributed. More importantly, the judgment is in favor of the corporation, Brennan's Bus Service, Inc., not respondent personally (*see, Grierson v Wagar,* 78 Misc 2d 479).

We do find merit, however, in respondent's argument concerning the appointment of petitioner as receiver. Enforcement of the support or maintenance provisions of a judgment entered in a matrimonial action by resort to sequestration and the appointment of a receiver, pursuant to Domestic Relations Law § 243, is a drastic remedy (*Farino v Farino,* 63 AD2d 691) and should be invoked only when the record establishes that such remedy is necessary and appropriate (*see, Kretzer v Kretzer,* 81 AD2d 802; *Halle v Halle,* 53 AD2d 684). The record herein contains insufficient information as to petitioner's attempts to utilize other procedures for enforcement of the judgment. Also lacking is sufficient proof as to the solvency of the corporations and their ability to produce profits and pay dividends. We also note that Brennan's Bus Service, Inc., is in chapter 11 reorganization, and payments to all its creditors, including the Internal Revenue Service, are being made on a monthly basis. Neither the creditors of this corporation nor the Bankruptcy Court were notified of petitioner's application for the appointment of a receiver. Appointment of petitioner as a receiver of this corporation could result in an unauthorized preference of her as a creditor or at least place her in a position that conflicts with the interests of other creditors. For these reasons, we conclude that it was an abuse of discretion for Special Term to appoint petitioner as a receiver.

Finally, respondent contends that Special Term erred in awarding petitioner counsel fees. While we agree with Special Term that counsel fees may properly be granted in this proceeding, we find insufficient information in the record to support the amount of the award. A hearing should be held on this issue.

Order entered June 19, 1984 modified, on the law, by deleting the second decretal paragraph thereof; order entered September 13, 1984 modified, on the law, by deleting the first, third and fourth decretal paragraphs thereof; judgment entered September 14, 1984 modified, on the law, by deleting the second decretal paragraph thereof; matter remitted to Special Term for further proceedings not inconsistent herewith; and, as so modified, affirmed, without costs. Mahoney, P.J., Kane, Casey, Weiss and Levine, JJ., concur.