(July 27, 1992)

■ MARILYN HASKELL, Respondent, v JEROME HASKELL, Defendant. (Action No. 1.) MARILYN HASKELL, Respondent, v JEROME HASKELL et al., Defendants, and GOODKIND, LABATON & RUDOFF, Nonparty Appellant. (Action No. 2.)—In related actions for a divorce and ancillary relief (Action No. 1) and to recover damages for fraud (Action No. 2), Goodkind, Labaton & Rudoff, the attorneys for the defendants Edward Haskell, Ronald Tzirlin, and Gran Prix Auto Wholesalers, Inc., in Action No. 2, appeal from (1) an order of the Supreme Court, Queens County (Santucci, J.), entered July 12, 1990, which denied their motion to be relieved from continued representation of those defendants, and (2) an order of the same court, entered October 5, 1990, which denied their motion for reargument.

Ordered that the appeal from the order entered October 5, 1990, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 12, 1990, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court did not improvidently exercise its discretion in denying the appellant's motion to withdraw as counsel for the defendants. Although the appellant law firm had not been paid by its clients for approximately one year as of the time of the motion to withdraw, this case had been pending since 1983 and a substitution of counsel at this late date would have only further delayed the resolution of the matter *(see, Torres v Torres,* 169 AD2d 829; *Isser v Berg,* 38 Misc 2d 957).

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.