■ MARY L. ROGERS, Respondent, v RICHARD A. ROGERS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Nastasi, J.), dated September 14, 1990, which, *inter*

*alia,* (a) granted that branch of the plaintiff wife's motion which was to appoint a temporary receiver for the husband's cooperative apartment, (b) denied that branch of his cross motion which was to cancel arrears in maintenance and suspend payment of maintenance and child support, and (c) awarded the plaintiff wife counsel fees in the amount of $1,000, (2) an order of the same court, dated October 3, 1990, which (a) appointed the plaintiff wife temporary receiver of all rents due and owing to the defendant as a result of a lease of the cooperative apartment, and (3) an order of the same court, entered January 18, 1991, which (a) appointed the plaintiff wife receiver of the defendant's business, Richard Rogers Design, Inc., and (b) awarded her counsel fees in the amount of $800.

Ordered that the order dated September 14, 1990, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 3, 1990, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered January 18, 1991, is reversed, on the law and as a matter of discretion, without costs or disbursements, and those branches of the plaintiff wife's motion which were for the appointment of a receiver for the husband's business and for an award of counsel fees are denied.

While it was improper for the wife to withhold visitation, the court did not improvidently exercise its discretion in denying the husband's request for cancellation of maintenance arrears and suspension of payments. It was also proper to award her judgment in the amount of the arrears. We make it clear, however, that this Court does not, and will not, condone the wife's institution of self-help.

We also find that the Supreme Court did not improvidently exercise its discretion in appointing the wife temporary receiver for the cooperative apartment. Enforcement of the support and maintenance provisions of an order or judgment entered in a matrimonial action by resort to sequestration and the appointment of a receiver pursuant to Domestic Relations Law § 243, is a drastic remedy, and should be invoked only when the record establishes that this remedy is necessary and appropriate *(see, Matter of Brennan v Brennan,* 109 AD2d 960, 961; *see also, Peters v Peters,* 127 AD2d 575; *Hildenbiddle v Hildenbiddle,* 110 AD2d 819). The appointment of a receiver is proper where the payor has a history of noncompliance with

an obligation to pay temporary maintenance and child support *(see, Catrone v Catrone,* 92 AD2d 559).

· At bar, the husband was directed to pay $250 per week in maintenance and $375 per week in child support. He continuously defaulted in making these payments, resulting in judgments against him. His persistent conduct in failing to make these payments warranted the appointment of a receiver for the rents and profits derived from the cooperative apartment *(see, Rose v Rose,* 38 AD2d 475; *Catrone v Catrone, supra).*

However, we find that the appointment of a receiver for the husband's business, Richard Rogers Design, Inc., was improper. Although the corporation is owned and operated by the husband, the corporation is not a party to this action, and application of its moneys to meet the husband's personal obligations would in essence be a dividend *(see, Kretzer v Kretzer,* 81 AD2d 802). Moreover, the record is devoid of information regarding the corporation's creditors, and whether the corporation is solvent, or has a surplus *(see, Matter of Brennan v Brennan,* 109 AD2d 960, *supra; Kretzer v Kretzer, supra).*

In any event, we note that in view of the intense animosity between the parties, it was improper to appoint the wife the receiver of the business *(see, Fischer v Fischer,* 111 AD2d 25; *cf., Peters v Peters,* 127 AD2d 575, *supra; Edelman v Edelman,* 83 AD2d 622).

The court did not err in awarding the plaintiff counsel fees in the amount of $1,000 in the order dated September 14, 1990, to defray the expenses of the wife's motion to enforce a support order *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

However, the award of counsel fees in the amount of $800 in the order entered January 18, 1991, was improper. The wife brought her motion for appointment of a receiver over the husband's business eight days after a motion for identical relief had been denied, when there had been no change in circumstances. Accordingly, counsel fees with respect to that motion should have been denied. Thompson, J. P., Balletta, Copertino and Santucci, JJ., concur.