■ MARY GEORGE, Respondent, v LAWRENCE GEORGE, Respondent. ALDERMAN AND ALDERMAN, Nonparty Appellant. [629 NYS2d 602] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not improvidently exercise its discretion in denying the motion of Alderman and Alderman, the attorneys for defendant, to withdraw as defendant's attorneys. To be entitled to terminate the relationship with a client, an attorney must make a showing of good or sufficient cause and reasonable notice *(see, Catrone v Catrone,* 92 AD2d 559; *Isser v Berg,* 38 Misc 2d 957; *see also, Heinike Assocs. v Liberty Natl. Bank,* 142 AD2d 929, 931; 6 NY Jur 2d, Attorneys at Law, §§ 54-55). The attorneys for defendant failed to make that showing. The fact that a client fails to pay an attorney for services rendered does not, without more, entitle the attorney to withdraw *(see, Isser v Berg, supra; see, e.g., Haskell v Haskell,* 185 AD2d 333; *see generally,* Code of Professional Responsibility DR 2-110 [C] [22 NYCRR 1200.15 (c)]). Additionally, discovery has been completed and a note of issue has been filed. To permit the withdrawal of the attorneys for defendant at this late date would further delay the resolution of this action *(see, Haskell v Haskell, supra,* at 333; *Torres v Torres,* 169 AD2d 829) and would not promote judicial economy. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—With-

drawal of Counsel.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.