■ ERIC CASHDAN, Respondent, v JOY CASHDAN, Respondent. KARL BRODZANSKY, Nonparty Appellant. [663 NYS2d 271] —In an action for a divorce and ancillary relief, nonparty Karl Brodzansky appeals (1) from an order of the Supreme Court, Nassau County (Alpert, J.), dated August 15, 1996, which denied his motion for leave to withdraw as counsel for the defendant, and (2), as limited by his brief, from so much of an order of the same court, dated November 14, 1996, as, in effect, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated August 15, 1996, is dismissed, without costs or disbursements, as that order was superseded by the order dated November 14, 1996, made upon renewal; and it is further,

Ordered that the order dated November 14, 1996, is affirmed insofar as appealed from, without costs or disbursements.

The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion (*see, Ben-Yu Zhan v Sun Wing Wo Realty Corp.,* 208 AD2d 668; *Haskell v Haskell,* 185 AD2d 333). The Supreme Court did not improvidently exercise its discretion in denying counsel's motion to withdraw.

Although counsel has asserted that the defendant refuses to pay her legal fees, the record demonstrates that the defendant was making regular installment payments to counsel toward her balance, an arrangement which, the defendant alleged, counsel agreed to at a meeting in April 1995. Further, the defendant, in her reply to counsel's motion to withdraw, asserted that she was aware of her obligation to pay the fees and that she had every intention of paying counsel the amounts due and owing. Nonpayment of counsel fees alone will not entitle an attorney to withdraw from representation (*see, Kiernan v Kiernan,* 233 AD2d 867; *George v George,* 217 AD2d 913; *Isser v Berg,* 38 Misc 2d 957; *see, e.g., Haskell v Haskell, supra*).

Moreover, the record does not demonstrate that the defendant's "conduct render[ed] it unreasonably difficult for [counsel] to carry out [his] employment effectively" (Code of Professional Responsibility DR 2-110 [C] [1] [d] [22 NYCRR 1200.15 (c) (1) (iv)]).

The appellant's remaining contention is without merit. Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.