Matter of A.W.-R. v H.R. (2005 NY Slip Op 51481(U))

[*1]

Matter of A.W.-R. v H.R.

2005 NY Slip Op 51481(U) [9 Misc 3d 1110(A)]

Decided on September 12, 2005

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2005

Family Court, Nassau County
In the Matter of a Family Offense Proceeding A.W.-R., Petitioner,
against
H.R., Respondent.
xxx

Richard S. Lawrence, J.
The offices of A.B.C., P.C. and A.B.C., Esq., move this Court, by order to show cause, to be relieved as counsel for the Petitioner, in accordance with CPLR §321(b)2, and in accordance with this Court's second interim order dated August 8, 2005. The order to show cause is unopposed.
For the reasons set forth below, the application is denied and the offices of A.B.C., P.C., and A.B.C., Esq., remain as counsel for the Petitioner, A.W.-R.
There is presently before this Court a motion for reargument brought by the Respondent, which is now returnable September 30, 2005. With respect to that motion, this Court has previously received an affirmation in opposition by the Law Guardian, but has received no papers on behalf of the Petitioner. Accordingly, the
Petitioner shall have the right, if she wishes, via counsel, to submit any opposition to the Respondent's motion to reargue, in accordance with the schedule set forth later in this decision and order.
The reasons for this Court's denial of counsel's motion to be relieved, are as follows: with respect to the pending motion for reargument brought by Respondent, on June 23, 2005 this Court [*2]received from A.B.C., P.C., as counsel for Petitioner, a facsimile transmission stating, "Please see the attached Consent to Change Attorney for the above mentioned court matter." Although the stipulated and agreed adjourned date of the motion to reargue (from the original date of June 9, 2005) was July 14, 2005, in view of
of that letter from A.B.C., P.C., the Court issued its first interim order on July 21, 2005 to allow new counsel for the Petitioner to submit any opposing papers it deemed appropriate.
That first interim order was issued by this Court sua sponte and in its discretion, since although the motion had been adjourned on consent, this Court received no opposing papers by the Peti-tioner's new counsel. That order was served on new counsel, as well as Respondent's attorney and the Law Guardian.
In response to this Court's first interim order of July 21, 2005, this Court received a letter dated August 1, 2005 from Petitioner's new counsel. That letter stated that that office represented the Petitioner only with respect to the then currently pending Supreme Court matrimonial matter and not with respect to the captioned Family Court matter. It should be noted that Ms. A.B.C.'s letter of June 23, 2005 contains the Family Court index number assigned to this matter, and Ms. A.B.C.'s covering letter stated that attached is a consent to change attorneys, and that new counsel represents the Petitioner in the Family Court matter. A review of the consent to change attorney, upon the Blumberg form, indicates that Ms. A.B.C. was in error when she advised this Court that the consent to change attorney was for the Family Court matter; it clearly was solely with respect to the Supreme Court matter.
In addition to the above error by Ms. A.B.C. and her office, this Court is in receipt of an additional letter from "A.B.C., Attorney at Law," dated June 13, 2005, in which she states "I am no longer the attorney for A.W-R. in the above mentioned [Family] court matter. She has decided to proceed pro se." In this Court's
second interim order of August 8, 2005, this Court referred counsel for Petitioner to CPLR §321(b) and 22 NYCRR 1200.15 of the Disciplinary Rules of the Code of Professional Responsibility. A letter sent to chambers whereby an attorney [*3]alleges that she no longer represents a party is unknown to our practice. As set forth in this Court's second interim order, this Court has now received two separate letters, one from "A.B.C., P.C.," and a second from "A.B.C., Attorney at Law," each bearing the same street address and telephone and facsimile numbers.
The Court, in its second interim order, held that the law offices of A.B.C., Esq. and/or A.B.C., P.C., still represented the Petitioner, and that "new" counsel did not, allowed Petitioner's counsel one final adjournment, and allowed Petitioner's counsel the right to submit opposing papers to the Respondent's pending motion to reargue, should she or it wish to do so.
Accordingly, Petitioner's counsel then submitted an order to show cause returnable August 29, 2005, permitting the "Law Office of A.B.C., P.C. and A.B.C.," to "withdraw" as attorneys, pursuant to CPLR §321(b). That order to show cause, as entered by this Court, included a provision that personal service of a copy of the
order to show cause and the papers upon which it is granted, be
personally served upon Respondent's attorney, upon the Law Guardian, and upon the Petitioner.
At the call of the calendar on August 29, 2005, Ms. A.B.C. was present. This Court inquired of counsel whether she had any affi-
davits of service, and she produced two affidavits. She stated that her process server was unable to serve anyone personally, and advised the reasons for that. She further stated that her process server specifically was unable to serve the Petitioner personally, as the Petitioner, or someone on her behalf, refused to open the
door to accept service of the papers. The Court had photocopies of each of the two affidavits of service made, and has placed them in this Court's docket.
Upon review of the two affidavits of service submitted by Petitioner's counsel, one shows "conspicuous service" upon Respon-dent's counsel at his law office; and the second one shows alternate service upon "Jane Doe (refused name/title)" at 670 Broadway, Massapequa, NY 11758. That latter affidavit specifically states that service at that address was attempted upon A.W.R., the
"Defendant." This Court notes that the address of 670 Broadway, Massapequa, NY 11758, is the address of the Law Guardian, and not
the address of the Petitioner herself. There is no third affidavit of service, and accordingly, the Petitioner's counsel has failed to make the three services required by this Court's order to show cause. The failure to serve the Petitioner herself, and the purported service upon the Petitioner at the Law Guardian's office is fatal to counsel's instant application to be relieved. According to the affidavits of service submitted by counsel, the Petitioner has received no notice of counsel's instant order to show cause.
It is strictly within this Court's discretion to grant, or not grant, a motion to be relieved. Although the Courts of this State generally grant such motions freely, in the circumstances of this
matter, wherein Petitioner's counsel has submitted to this Court totally incorrect information (stating that new counsel was representing the Petitioner in the captioned matter) and counsel's attempt to be relieved simply by way of a letter, as well as her failure to comply with this Court's order to show cause by failing
to make the three required services, and especially the failure to serve the Petitioner herself, leaves this Court with no alternative other than to deny counsel's instant unopposed application. See 
Cashdan v Brodansky, 243 AD2d 598 (2d Dept 1997), Frevola v Frevola, 260 AD2d 480 (2d Dept 1999), Wilson v Wilson, ___ AD3d ___, 799 NYS2d 906 (2d Dept 2005) and LeMin v Central Suffolk Hospital (wherein counsel's application to be relieved was denied, where there was no proof of service in the record upon the client), 169 AD2d 821 (2d Dept 1991).
Although Respondent has submitted no opposition to the instant order to show cause, nor has he complained in any way regarding his underlying motion for reargument, the fact that this Court has
repeatedly adjourned the underlying motion (now returnable
September 30, 2005), is working extreme prejudice to the Respondent, in that there is presently in existence an order of protection against him, rendered after a hearing, and Respondent has submitted a motion to reargue this Court's decision after the hearing.
Petitioner's counsel shall submit any opposition papers to Respondent's motion to reargue no later than September 22, 2005. Thereafter, both the Law Guardian and the Respondent shall have the right to serve and file replies, if they wish to do so, no later
than September 29, 2005. THESE DATES SHALL BE FIRM, AND THERE SHALL BE NO ADJOURNMENTS WITH RESPECT TO THESE DATES.
The motion to reargue shall be marked "submitted" on September 30, 2005 and all appearances are waived for that date.
This constitutes Decision and Order of the Court.
Dated: Westbury, New York
 September 12, 2005