■ SCOTT KAUFMAN, Respondent, v JENNIFER KAUFMAN, Defendant. COHEN LANS LLP, Nonparty Appellant. [880 NYS2d 491]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered March 18, 2009, which, to the extent appealed from, denied the nonparty's motion for leave to withdraw as plaintiff's counsel for nonpayment of attorney's fees and for judgment against plaintiff in the amount of $167,273.61, unanimously affirmed, without costs.

In this matrimonial action, the contractual provision in the retainer agreement that purports to authorize counsel to withdraw upon nonpayment of fees does not vitiate the procedural requirements of CPLR 321 (b), nor does it deprive the court of its traditional discretion in regulating the legal profession by overseeing the charging of fees for legal services (*see e.g. Solow Mgt. Corp. v Tanger*, 19 AD3d 225 [2005]). The motion court properly considered counsel's motion to withdraw against the requirement that to be "entitled to terminate the relationship with a client, an attorney must make a showing of good or sufficient cause and reasonable notice" (*George v George*, 217 AD2d 913, 913 [1995]).

There is no basis on this record to conclude that the court engaged in an improvident exercise of its discretion in denying counsel's motion (*see e.g. Torres v Torres*, 169 AD2d 829 [1991]).

The mere fact that a client fails to pay an attorney for services rendered does not, without more, entitle the attorney to withdraw (*Cashdan v Cashdan*, 243 AD2d 598 [1997]; *George v George*, 217 AD2d 913 [1995], *supra*). Concur—Mazzarelli, J.P., Andrias, Nardelli, DeGrasse and Abdus-Salaam, JJ.