Bank of Am., N.A. v Chadha (2023 NY Slip Op 01173)

Bank of Am., N.A. v Chadha

2023 NY Slip Op 01173

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-09706
 (Index No. 135283/13)

[*1]Bank of America, N.A., plaintiff-respondent,
v
Raj Chadha, etc., defendant-respondent, et al., defendants; Lester & Associates, P.C., nonparty- appellant.

Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), nonparty-appellant pro se.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Lester & Associates, P.C., appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated December 15, 2020. The order, insofar as appealed from, denied that branch of the motion of nonparty Lester & Associates, P.C., which was for leave to withdraw as counsel for the defendant Raj Chadha.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In October 2013, the plaintiff's predecessor in interest commenced this action against, among others, the defendant Raj Chadha (hereinafter the defendant) to foreclose a home equity conversion mortgage, also known as a reverse mortgage. In April 2019, an order and judgment of foreclosure and sale was entered against, among others, the defendant. Thereafter, the defendant retained the appellant, nonparty Lester & Associates, P.C., to represent him. On June 6, 2019, the defendant, through the appellant, moved, inter alia, to vacate the order and judgment of foreclosure and sale on grounds including lack of personal jurisdiction over the defendant. In January 2020, the Supreme Court directed a hearing to determine whether the defendant was validly served. On November 6, 2020, the appellant moved, among other things, to withdraw as counsel for the defendant. On November 20, 2020, counsel for the plaintiff, counsel for the defendant, and the defendant personally, appeared before the court. In the order appealed from, the court, on the record, inter alia, denied that branch of the appellant's motion which was for leave to withdraw as counsel for the defendant.
"The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Cashdan v Cashdan, 243 AD2d 598, 598; see J.S. v P.B., 176 AD3d 790, 791). "An attorney may withdraw from representing a client for good and sufficient cause" (Winters v Rise Steel Erection Corp., 231 AD2d 626, 626; see J.S. v P.B., 176 AD3d at 791). "An attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees" (Villata v Kokkinos, 170 AD3d 1077, 1079; cf. Cashdan v Cashdan, 243 AD2d at 598).
In support of its motion, the appellant's attorney affirmation was insufficient to demonstrate that the defendant refused to pay reasonable legal fees (see Villata v Kokkinos, 170 AD3d at 1079). Furthermore, contrary to the appellant's contention, the record does not demonstrate that the defendant failed to cooperate with the appellant (see Cashdan v Cashdan, 243 AD2d at 598). Under these circumstances, and considering the procedural posture of the case, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was for leave to withdraw as counsel for the defendant (see J.S. v P.B., 176 AD3d at 791).
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court