| |
|---|
| **Altium Growth Fund, L.P. v Tingo Group, Inc.** |
| 2024 NY Slip Op 32993(U) |
| August 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651910/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

--------------------------------------------------------------------------------X

ALTIUM GROWTH FUND, L.P., ALTO OPPORTUNITY
MASTER FUND, SPC - SEGREGATED MASTER
PORTFOLIO B, EMPERY ASSET MASTER LTD.,
EMPERY TAX EFFICIENT, L.P., EMPERY TAX
EFFICIENT III, L.P.

|  |  |  |
|---|---|---|
| **INDEX NO.** | 651910/2023 |
| **MOTION DATE** | 03/25/2024 |
| **MOTION SEQ. NO.** | 008 |

Plaintiff,

- v -

TINGO GROUP, INC. F/K/A MICT, INC.,

Defendant.

**DECISION + ORDER ON
MOTION**

--------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 242, 243, 244, 245, 260, 261, 262

were read on this motion to/for        ATTORNEY -
DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW        .

Upon the foregoing documents and for the reasons set forth below, Greenberg Traurig, LLP

(**Greenberg**)'s motion (Mot. Seq. No. 008) to withdraw as counsel for Tingo Group, Inc. f/k/a

MICT, Inc. (**Tingo**) is DENIED.

As discussed further below, Greenberg fails to meet its burden that withdrawal is appropriate at

this time because Altium Growth Fund, L.P., Empery Asset Master Ltd., Empery Tax Efficient,

L.P., Empery Tax Efficient III, L.P. (collectively, the **Judgment Creditors**) would be

substantially prejudiced by Greenberg's withdrawal in this lawsuit. (*See Haskell v Haskell*, 185

AD2d 333 [2d Dept 1992]).  Among other things, Greenberg has been involved in this case since

inception and has made substantial representations about Tingo's financial condition, its ability

to satisfy any potential judgment (before judgment was entered) and otherwise indicated that

**651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**        **Page 1 of 6**
**Motion No.  008**

[* 1]

Tingo was not absconding with assets from the jurisdiction. In their moving papers seeking withdrawal they make no mention of how Tingo, a corporate defendant, would proceed and what provision has been made for successor counsel to take over the case in a manner which would avoid prejudice to the Judgment Creditors. Greenberg also fails to identify any fundamental breakdown in the attorney-client relationship warranting withdrawal. This is plainly insufficient.

## The Relevant Facts and Circumstances

As relevant, the Judgment Creditors brought this lawsuit on April 18, 2023 and, following certain substantial motion practice in which Greenberg made certain representations to the Court (including, among other things, facts as to Tingo's financial condition and its ability to satisfy any judgment and whether Tingo was dissipating assets out of the jurisdiction), obtained an $18,235,347.22 Judgment (the **Judgment**; NYSCEF Doc. No. 234, at 4). The Court retained jurisdiction over this action with respect to the enforcement of the Judgment and any related claims that may be brought against additional parties. (NYSCEF Doc. No. 234, at 5)

Following entry of the Judgment, Tingo was ordered to deposit with the County Clerk, a sufficient number of shares of common stock to satisfy the Judgment and, within 48 hours of a demand by the Judgment Creditors, to deposit an additional number of shares to the extent such additional shares were necessary to maintain the value of the Judgment. To date, Tingo has not made any payments to the Judgment Creditors (NYSCEF Doc. No. 247 ¶ 2).

**651910/2023 ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**      **Page 2 of 6**
**Motion No. 008**

2 of 6

Subsequently, on March 12, 2024, the Judgment Creditors served an information subpoena on Greenberg (**Greenberg Information Subpoena**) seeking information regarding Tingo's financial situation. (*See* NYSCEF Doc. No. 262).

Thereafter, on March 21, 2024, the Judgment Creditors informed Greenberg via email that the Judgment Creditors intended to serve an information subpoena on Tingo pursuant to CPLR Article 52 (**Tingo Information Subpoena**; NYSCEF Doc. No. 248), to compel Tingo to disclose "all matter relevant to the satisfaction of the [J]udgment." (NYSCEF Doc. No. 249; CPLR § 5223).

On March 22, 2024, Greenberg provided objections and limited responses to the Greenberg Informaton Subpeona and also filed the instant motion to withdraw (NYSCEF Doc. Nos. 260 ¶ 8, 262). Among other things, Greenberg objected to the Greenberg Information Subpoena on the grounds that "there is a more readily available source of information, *e.g.*, from the public domain or directly from [Tingo]," and that the subpoena imposed on Greenberg "the burden to conduct discovery on behalf of [Tingo]" and "shift[ed Tingo's] responsibility to conduct their own discovery to [Greenberg]." (NYSCEF Doc. No. 262 ¶¶ 3-4); Subsequently, on April 17, 2024, Greenberg provided supplemental responses.

On March 25, 2024, the Judgment Creditors followed up with Greenberg about the Tingo Information Subpeona. On March 27, 2024, Greenberg responded via email that it was "not authorized to accept service of the [Tingo Information Subpoena]" and that it had "not been

**651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**          **Page 3 of 6**
**Motion No.  008**

3 of 6

[* 3]

retained to assist Tingo . . . in connection with any post-judgment proceedings." (NYSCEF Doc. No. 249).

The Judgment Creditors then served the Tingo Information Subpoena on Tingo and Tingo's Interim Co-Chief Executive Officer Ken Denos (**Mr. Denos**) by certified mail and email, respectively. (NYSCEF Doc. Nos. 252, 253, 261). The Judgment Creditors informed Mr. Denos that Greenberg had stated it had not been retained to assist Tingo with post-judgment proceedings, that Tingo's answers to the Tingo Information Subpoena were due by April 22, 2024, and that Tingo may return its answers electronically for its convenience (NYSCEF Doc. No. 261). After Tingo failed to acknowledge the subpoena or to file its answer by the deadline, the Judgment Creditors followed up with Mr. Denos by email on May 2, 2024.

When this too went unanswered, the Judgment Creditors sought an order from this Court on May 7, 2024, compelling Tingo's compliance with the Tingo Information Subpoena; The Court issued the order requiring compliance on May 10, 2024. (NYSCEF Doc. No. 258). However, the next day, and only after the Judgment Creditors sought the Court's intervention, Mr. Denos finally responded to the Judgment Creditors, informing them that Tingo "does not have available staff, infrastructure or resources to respond to [the Judgment Creditors'] requests," because "[a]ny individuals . . . that are assisting the company are doing so on part-time basis and without compensation." (NYSCEF Doc. No. 261).

## Discussion

The decision to grant or deny a motion to be relieved as counsel lies within the sound discretion of the trial court (*Cashdan v Cashdan*, 243 AD2d 598 [2d Dept 1997]). In order to "terminate the

**651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**   **Page 4 of 6**
**Motion No.  008**

relationship with a client," the moving counsel "must make a showing of good or sufficient cause and reasonable notice." (*George v George*, 217 AD2d 913 [4th Dept 1995]). Greenberg fails to meet its burden that withdrawal is appropriate at this time.

As an initial matter, the Court notes that a corporation must appear in a civil action by attorney. (CPLR § 3219[a]). Greenberg has been counsel of record in this action for Tingo since its inception and has participated substantially on Tingo's behalf. In its moving papers, Greenberg fails to identify any substitute counsel or procedure for any substitute counsel for Tingo to be brought up to speed such that the Judgment Creditor would not be prejudiced by its withdrawal.

To be clear, Greenberg's basis for withdrawal is that Tingo has an "unfulfilled obligation" -- ie., it is owed money by Tingo (NYSCEF Doc. No. 243 ¶ 3). However, the "mere fact that a client fails to pay an attorney for services rendered does not, without more, entitle the attorney to withdraw." (*Kaufman v Kaufman*, 63 A.D.3d 618 [1st Dept 2009]; *see, e.g., Haskell*, 185 AD2d 333 [holding that, although counsel had not been paid by its clients for one year as of the date counsel filed its motion to withdraw, withdrawal was not warranted where "substitution of counsel at this late date would have only further delayed resolution of [the] matter"]). As discussed above, the moving papers make no mention of any provision for successor counsel or otherwise adequately address how the Judgment Creditor would not be substantially prejudiced by their withdrawal. This is plainly insufficient. Unquestionably, the Judgment Creditor would be prejudiced. Thus, the motion is DENIED.

The Court has considered Greenberg's remaining arguments and finds them unavailing.

**651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**          **Page 5 of 6**
**Motion No.  008**

5 of 6

20240823101751AB0RR0K8EA72D02F4D4474488CF318BC1DBE8BD

_____8/23/2024_____
**DATE**

_____
**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.          Page 6 of 6
Motion No.  008

[* 6]