## Reveam, Inc. v Taylor Freres Capital Mkts., LLC

2025 NY Slip Op 31363(U)

April 17, 2025

Supreme Court, New York County

Docket Number: Index No. 655074/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

REVEAM, INC., REVEAM, INC., OCCATOR
AGRICULTURAL PROPERTIES, LLC,

                              Plaintiffs,

                       - v -

TAYLOR FRERES CAPITAL MARKETS, LLC, ZACHARY
TAYLOR, H. MARTIN RICE,

                         Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655074/2021 |
| **MOTION DATE** | 03/26/2025 |
| **MOTION SEQ. NO.** | 011 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 011) 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 253

were read on this motion for             ATTORNEY WITHDRAWAL           .

       Al Myers Law, LLC and Glancy Prongay & Murray LLP ("Movants") seek to withdraw as counsel for defendants/counterclaim-plaintiff Taylor Frères Capital Markets, LLC ("Taylor Frères") and Zachary Taylor (collectively, "Defendants").  Movants seek to withdraw their representation due to a breakdown in the attorney client relationship including the failure to advance necessary expenses and to meet current fee commitments, and lack of communication and disagreement on overall case strategy (*see* NYSCEF 239 ["Myer Affirm"] ¶¶3-7).  An attorney may withdraw as counsel upon a showing of good and sufficient cause and reasonable notice (CPLR 321:2).  In Reply, the Movants submit that Mr. Taylor consents to their withdrawal (NYSCEF 253 at 2).

       Plaintiffs oppose this motion on the grounds that this is one of several withdrawal motions filed by counsel for Defendants throughout this action, and it is purportedly a part of a strategy to stall this case from moving forward.  Plaintiffs request that the Court (i) impose

**655074/2021   REVEAM, INC. vs. TAYLOR FRERES CAPITAL MARKETS, LLC ET AL**
  **Motion No.  011**

**Page 1 of 4**

1 of 4

sanctions on Defendants, allowing Reveam to recover at least part of the wasted attorneys' fees and time resulting from Defendants' tactics; (ii) inquire as to Defendants' capacity and resources to pay any successor counsel and necessary expenses to continue litigation, particularly where prior counsel (Kasowitz) holds a $1.06+ million default judgment against Taylor Frères for unpaid attorneys' fees/expenses that remains unsatisfied; (iii) establish clear requirements for Defendants' retention of any successor counsel and outline the case-terminating consequences (a) for failure to comply with any Order(s) the Court enters or (b) for Defendant Taylor Frères, if it fails to retain counsel within the deadline the Court sets; and (iv) require Defendants to sit for their depositions that have been properly noticed multiple times, and at which they have never appeared (with corresponding adjustments to the timing for Reveam to serve expert disclosures).

Movants have established legitimate grounds for withdrawal, and the Court will not condition that relief – which is generally a matter between counsel and client – on the various financial conditions proposed by Reveam. However, given the unusual circumstances presented, the Court will delay the effectiveness of counsel's withdrawal until the promised depositions of Defendants and Lance Orchid have been taken.[1] The Court previously directed Defendants to "promptly" provide deposition dates for Defendants and Lance Orchid and "promptly" sit for depositions (NYSCEF 251). Defendants filed a letter outlining dates they are available for depositions (NYSCEF 245). Therefore, these depositions must be completed before withdrawal is granted (*cf. Haymes v Haymes*, 667 NYS2d 904 [1st Dept 1998] ["The motion court

---

[1] The Court has received Mr. Myers' letter dated April 17, 2025 (NYSCEF 255) advising the Court of a dispute regarding the depositions of Reveam witnesses. To the extent Reveam is claiming it does not need to produce its witnesses and is refusing to provide dates, Reveam is directed to *promptly* provide dates for the depositions of Messrs. Goodreds, Falconer, Rice, Steinbaugh, and Sutherlin, and produce these witnesses for depositions.

**655074/2021 REVEAM, INC. vs. TAYLOR FRERES CAPITAL MARKETS, LLC ET AL**
**Motion No. 011**

**Page 2 of 4**

2 of 4

appropriately exercised its discretion in directing appellant to represent plaintiff only for the remainder of the fee proceeding . . . plaintiff would have been greatly prejudiced if the withdrawal motion were granted in its entirety since lengthy proceedings on the fee matter had already been conducted at the time the motion was made."]; *George v George*, 217 AD2d 913 [4th Dept 1995] ["discovery has been completed and a note of issue has been filed. To permit the withdrawal of the attorneys for defendant at this late date would further delay the resolution of this action and would not promote judicial economy."] [citation omitted]).

Accordingly, it is therefore:

**ORDERED** that the motion to be relieved as counsel for Defendants is **GRANTED conditioned on the completion of the depositions of Taylor Frères, Mr. Taylor, and Lance Orchid as provided herein**; it is further

**ORDERED** that the Movants are to comply with their obligations under Rule 1.16(d) of the Rules of Professional Conduct, as applicable to the facts presented, to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the clients, including giving reasonable notice to the clients, allowing time for employment of other counsel, delivering to the clients all papers and property to which the clients are entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules;" it is further

**ORDERED** that the Movants shall promptly serve a copy of this order upon Defendants by email, and, if practicable, by hard copy at their last known home and business addresses, respectively, by certified mail, return receipt requested; it is further

**ORDERED** that in order to avoid default, within thirty (30) days from the date the above-referenced depositions are completed Defendant Taylor Frères shall appoint substitute

**655074/2021   REVEAM, INC. vs. TAYLOR FRERES CAPITAL MARKETS, LLC ET AL**
**Motion No.  011**

**Page 3 of 4**

3 of 4

counsel, and Mr. Taylor shall appoint substitute counsel or advise the Court of his intention to

proceed *pro se*; and it is further

**ORDERED** that following the completion of the above-referenced depositions, no

further proceedings may be taken against Defendants without leave of this court until thirty days

from the date of notice.

This constitutes the decision and order of the Court.

20250417171021MCOHENC82A07B9B93640068025ADE24695B856

| | |
|---|---|
| **4/17/2025** | **JOEL M. COHEN, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]